## Rich v. McInerny.

*Action to recover Damages for False Imprisonment.*

1. *False imprisonment; what action maintainable; gist thereof.*—False imprisonment is the unlawful restraint of a person contrary to his will; and to recover damages therefor, an action of trespass must be brought, the gist of which is the detention of the plaintiff, and the unlawfulness of such detention.

2. *Action for false imprisonment; when malice and want of probable cause averred, they must be proved.*—To maintain an action for false imprisonment, it is not essential that the arrest and imprisonment should have been obtained by malice and without probable cause; but when these elements are averred in the complaint, they must be shown by the evidence to have existed, before the plaintiff is entitled to a recovery.

3. *Same; when arrest by officer furnishes a defense.*—Where in an action for false imprisonment, the arrest having been made without a warrant, the defendant seeks to avoid his liability on the ground that the arrest being on a charge of felony, and being by an officer who had reasonable cause to believe plaintiff guilty, was a lawful act, the rightfulness or lawfulness of the arrest by the officer can be predi-cated alone upon information possessed by him, affording him reasonable cause to believe plaintiff committed the felony; and the arrest must be shown to have been of the officer's own volition, based alone upon his own reasonable cause for belief of plaintiff's guilt, and that it was not induced by the command or direction of the defendant.

4. *Same; when plea demurrable.*—Where in an action for false imprisonment, a complaint alleges that defendant procured the arrest and imprisonment of plaintiff, upon a charge of larceny, with malice and without probable cause, a plea alleging that the arrest and imprisonment were by a policeman who had reasonable cause to believe plaintiff guilty of larceny, is demurrable, because it fails to deny that the arrest was made at the request of defendant, without reasonable cause for belief on the latter's part that plaintiff was guilty, and does not deny that defendant caused the arrest maliciously and without probable cause.

5. *Same; definition of probable cause.*—In an action for false imprisonment, where the arrest was alleged to have been made without probable cause, the "probable cause" as thus alleged is a reasonable ground of suspicion, supported by circumstances, sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty.

[Rich v. McInerny.]

6. *Same; statement made by officer at time of arrest admissible as a part of the res gestae.*—In an action for false imprisonment, the officer's statement to the plaintiff, at the time of making the arrest that defendant had accused him of stealing, is admissible in evidence as a part of the *res gestae.*

7. *Same; charge to the jury exacting too high measure of proof.*— Where, in an action for false imprisonment, the evidence for the plaintiff tended to show that he was arrested by police officers at the direction of the defendant, which was contradicted by the tendencies of defendant's evidence, a charge to the jury, which instructs them that "if the minds of the jury are in a state of doubt as to the evidence, whether the defendant ordered the police officers to make the arrest of plaintiff, then the verdict of the jury should be for the defendant," is rightfully refused, because it exacts too high a measure of proof that the arrest was caused by the defendant.

8. *Same; charge to the jury; erroneous definition of larceny.*—In an action for false imprisonment, based upon the arrest of the plaintiff on a charge of the larceny of a ring, an instruction to the jury that. if they "believe from the evidence that plaintiff took the ring mentioned out of the store, without the knowledge of the defendant, this would be a felony under the law of Alabama, and if you believe from the evidence that the defendant had probable cause for believing that plaintiff did take the ring, then whether he took the ring or not, the defendant would not be liable," is erroneous and properly refused, because it incorrectly defines the crime of larceny.

9. *Argumentative charges* are always properly refused.

APPEAL from the City Court of Decatur.

Tried before the Hon. W. H. SIMPSON.

On August 1, 1888, Michael McInerny instituted a suit against William Rich, to recover damages for false imprisonment. The complaint was in the following language: "The plaintiff claims of the defendant five thousand dollars damages for maliciously and without probable cause thereof causing the plaintiff to be arrested and deprived of his liberty, on a charge of larceny, for three days, viz., from the night of the 28th of July, 1888, to Wednesday morning, August 1st, 1888, to the damage of plaintiff five thousand dollars; therefore he brings this suit." To this complaint the defendant pleaded the general issue, and also a special plea, the substance of which is stated in the opinion. To this special plea the plaintiff demurred on the grounds shown in the opinion, and this demurrer was sustained. Issue was joined upon the plea of the general issue.

The evidence for the plaintiff tended to show that on

[Rich v. McInerny.]

July 28, 1888, he was in the jewelry store of the defend-
ant looking at some rings; that a short time after he
left said store he was arrested by two police officers of
the city of Decatur; that after said arrest he gave bond
for his appearance at the Mayor's court the next morn-
ing; that in obedience to said bond he appeared at the
court, and the cause was continued until the afternoon;
that at the hearing of the cause against him in the after-
noon, he demanded of the defendant, who was the prose-
cutor, a warrant for his arrest; that at the defendant's
request the case was continued until the next morning
in order that he might sue out a warrant; and on the
next morning the defendant failing to appear, the prose-
cution against the plaintiff was dismissed.

The testimony of Thomas Turley and William Griffin,
the two police officers who arrested the plaintiff, tended
to show that the arrest was made at the instance, and
upon the demand, of the defendant, Rich; that when
one of the officers told said Rich, after he had accused
the plaintiff of having stolen a ring, that he, the officer,
knew McInerny, and that Rich must be mistaken as to
his charge against him, Rich told the said officer to
arrest him, and that in obedience to said direction the
officer arrested the plaintiff. The plaintiff testified that
when he was arrested the officers told him that Rich
accused him of stealing a ring. The defendant objected
to this testimony, and moved the court to exclude the
same, on the ground that it was hear-say, and a state-
ment not made in the presence of the defendant. The
court overruled the objection, and the defendant duly
excepted.

The testimony of defendant and Nelson and Crass,
witnesses in behalf of the defendant, tended to show
that he did not accuse the plaintiff of having stolen a
ring from him, and did not direct the officers to arrest
the plaintiff; but that he told the officers of the circum-
stances of the plaintiff having been in his store to look
at some rings, and when the plaintiff left he missed a
ring which he had shown him, and the police officers
asked if he, Rich, wished the plaintiff arrested; that he
declined to order the plaintiff arrested, and that there-
upon the officer said that under the circumstances they
would arrest the plaintiff.

The court, at the request of the plaintiff, gave to the

jury the following written charges : (1.) ''If the jury believe from all the evidence that defendant procured, ordered or directed the arrest of plaintiff, and that he was arrested, then I charge you, that if defendant did this merely upon suspicion that plaintiff had stolen a ring from his store, and without reasonable cause to believe that plaintiff was guilty thereof, then, defendant is liable in this action in such a sum as you may believe from all the evidence that he has been injured, not exceeding five thousand ($5,000) dollars." (2.) ''If you believe from all the evidence in this case, that defendant procured, ordered and directed the arrest of plaintiff and that he was arrested at defendant's request; then if you believe that in fact no ring was in fact stolen from defendant's store, and that consequently plaintiff was not guilty of having stolen the same, then I charge you that the defendant is liable in this suit, and your verdict should be for the plaintiff." (3.) "If you believe from all the evidence in this case, that defendant appeared at the Mayor's court upon the next day after the arrest of defendant, and stated to the Mayor of the town of Decatur that he would prepare, or have prepared a warrant for plaintiff upon a charge of stealing a ring from defendant's store upon the next morning, and that thereupon and because of this the Mayor continued the examination or trial of plaintiff until the next morning; if you believe these facts, if facts they be, then, this is some evidence to which you may look in connection with all the evidence in the case, tending to show that defendant authorized and directed the arrest of plaintiff; and if you believe that he did so procure, order and direct the arrest of plaintiff without a reasonable cause to believe that plaintiff was guilty of the charge, then defendant is liable in this suit." (4.) ''The burden of the proof is on the defendant Rich to prove to the satisfaction of the jury that the ring was stolen." (5.) ''I charge you, that the 'probable cause' that will excuse the defendant in this case, if you believe defendant ordered and directed the arrest of plaintiff, there must have been a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty ; and even this 'probable cause' is not sufficient to avail the defendant

in this cause, unless you believe that a ring was in fact stolen from defendant's store." (7.) "If the jury believe from the evidence that no felony had in fact been committed, and that defendant maliciously and without probable cause directed the arrest of plaintiff by the policemen they must find for the plaintiff, and in assessing plaintiff's damages may take into consideration the injury to his feelings caused by his arrest and imprisonment, and it is not necessary to prove by witnesses the amount of such damages. The jury may assess damages as they deem proper, not exceeding the amount claimed in the plaintiff's complaint." (10.) "Unless the jury are reasonably satisfied that the ring was in fact stolen, then it is immaterial whether Rich had probable cause for believing that the plaintiff had committed the theft."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following written charges requested by him : (1.) "If the jury believe the evidence, they will find for the defendant." (2.) "Whether the ring was actually stolen or not, if you believe from the evidence that the defendant had probable cause for believing it was stolen by plaintiff, then your verdict should be for defendant." (3.) "If the minds of the jury are in a state of doubt from the evidence as to whether defendant, Rich, ordered the police officers to make the arrest of plaintiff, then the verdict of the jury should be for defendant." (4.) "If you believe from the evidence that plaintiff took the ring mentioned out of the store without the knowledge of defendant this would be felony under the laws of Alabama, and if you believe from the evidence that the defendant had probable cause for believing that plaintiff did take the ring, then whether he took the ring or not, the defendant would not be liable." (5.) "If you believe from the evidence that the evidence of the witnesses Turley, Griffin, Crass, Nelson and Rich conflicts as to whether Rich told the officers Griffin and Turley that he would not make the charge of larceny against the plaintiff, and that he did not make such charge before plaintiff was arrested, and this was all the evidence upon this point; and that these witnesses are equally credible and worthy of belief, then your verdict should be for defendant." (6.) "If you believe from the evidence that the

plaintiff was arrested by the officers without being instructed by the defendant to do so, then defendant is not liable ; and in determining this you must look to the evidence of the witnesses, Griffin, Turley, Rich, Nelson and Crass, and if you find theirs is all the evidence upon this question, and they are equally credible and worthy of belief, and that Turley and Griffin testified that they were instructed by defendant to arrest plaintiff and that Rich, Nelson and Crass testified that defendant did not instruct Turley and Griffin to arrest him ; then your verdict should be for defendant.''

There was verdict for the plaintiff, assessing his damages at one thousand dollars, and judgment was rendered accordingly. The present appeal is prosecuted by the defendant, who assigns as error the rulings of the trial court upon the pleadings and evidence, and the charges given and refused.

HARRIS & EYSTER, for appellant.—Defendant's special plea sets up facts which, if true, made the arrest of plaintiff lawful. A policeman has power to arrest with or without a warrant.—Code of 1886, § 4260 ; *Hayes v. Mitchell*, 69 Ala. 452 ; *Floyd v. State*, 82 Ala. 16. And such officer may arrest ''when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not been committed ; or on a charge made, upon reasonable cause, that the person arrested had committed a felony.'' Code of 1886, § 4262. The arrest then, being by an officer authorized by law to make such arrest, was legal and lawful. It would be the same as if made under a valid warrant.

This action is in trespass. It is for false imprisonment.—Code of 1886, p. 794, Form 19; *Holly v. Carson*, 39 Ala. 345 ; *Woodall v. McMillan*, 38 Ala. 622; *Williams v. Ivey*, 37 Ala. 244.

The power to arrest without warrant being vested in the police officer, his exercise of it would be followed by the same results as if he had valid process. For the injury to plaintiff then, if an injury followed, the action of trespass does not lie. ''Where injury is done to a person by the regular process of a competent court * * * * case is said to be the proper remedy, and trespass is not sustainable.—*Duckworth v. Johnston*, 7 Ala. 578, and author-

ities cited on page 582. Where "the arrest was under valid process"—as it was where the statute clothes the officer with the power—"the action of trespass does not lie for the injury."—*Crosby v. Hawthorn*, 25 Ala. 221; *Williams v. Ivey*, 37 Ala. 244.

O. KYLE, *contra.*—Under the law, if defendant ordered the policemen to arrest the defendant, upon suspicion that a felony had been committed, and defendant was arrested without a warrant, then the officers were the mere conduit for the passage and performance of the will of the defendant, and he is liable therefor.—*Clifton v. Grayson*, 2 Stew. 412; 2 Addison on Torts, (Wood's Ed.), § 802, p. 16. "But if the defendant gives the plaintiff in charge, or directs the policeman to take him into custody, he will be answerable in damages for the imprisonment if he can not establish a justification.—2 Addison on Torts (Wood's Ed.), p. 40; *Floyd v. State*, 12 Ark. 43; *Stayel v. Lawrence*, 3 Day (Conn.) 1; *Reece v. Taylor*, 4 N. & M. 469; *Eanes v. State*, 44 Amer. Dec. 293.

"A party is liable for false imprisonment, if it was for his benefit, and he approves it."—*Fenelon v. Butts*, 53 Wis. 344. "One at whose request a police officer makes an arrest for a misdemeanor, the same not having been committed in the presence of the officer, must, to justify himself, show that the charge leading to the arrest was well founded."—*Taaffe v. Slevin*, 11 Mo. App. 507; *Veneman v. Jones*, 10 Amer. St. Rep. 103; 61 Mich. 445; 15 R. I. 302; 2 Hurl. & N. 356; Cooley on Torts, (3d Ed.) 202.

HEAD, J.—False imprisonment is the unlawful restraint of a person contrary to his will. But two things are requisite, viz. : Detention of the person, and unlawfulness of such detention.—7 Amer. & Eng. Encyc. of Law, 661, 662. Malice is not material, except in aggravation of damages. Nor is probable cause of guilt, on the part of the party imprisoned, when the imprisonment is under a criminal charge, material, except as it may be rendered so, by the provisions of sections 4262 and 4266 of the Code, in cases to which those sections are applicable.—7 Amer. & Eng. Encyc. of Law, 663, 664. If the imprisonment is under legal process, but

the prosecution has been commenced and carried on maliciously and without probable cause, terminating in the discharge of the defendant, it is malicious prosecution, and not false imprisonment.—*Ib.* 663. The action for damages for false imprisonment is in trespass; for malicious prosecution, in case.

In *Ragsdale v. Bowles*, 16 Ala. 62, decided in 1849, the averments of the complaint were that the defendant ''falsely, maliciously, and without probable cause, charged the plaintiff with the crime of felony, and upon said charge, falsely, maliciously, and without probable cause, caused the plaintiff to be arrested by his body, and to be imprisoned, and kept and detained in prison for a long time, to-wit, for the space of one day, then next following, and at the expiration of which said time, he the said defendant caused the said plaintiff to be released and set at liberty, and wholly abandoned his said prosecution.'' The action was instituted and intended as one for malicious prosecution, and was prosecuted and defended in the court below, and in this court, as such. The defendant demurred to the declaration on the ground that it did not sufficiently aver the termination of the prosecution. Dargan, J., began the opinion of this court with the statement that, ''This was an action on the case for a malicious prosecution;'' and proceeded to dispose of the demurrer, above mentioned, to the declaration, and held that the averment touching the termination of the prosecution was insufficient, and that the count was, therefore, bad, considered as a count for malicious prosecution. But, he proceeded further to say, that the count was good for false inprisonment; and for this reason held that the demurrer was properly overruled. The idea underlying this conclusion, manifestly, was, that the descriptive words, ''falsely, maliciously and without probable cause,'' were sufficient to show that the acts of arrest and imprisonment charged were unlawful; and there being no allegation that they were done under a valid warrant, the prosecution of which had terminated in the discharge of the defendant, the count was held to contain all the essentials of trespass for false imprisonment. It was clearly, however, not intended to affirm by this decision, that, in order to give an action for false imprisonment, it was necessary that the arrest and detention should have been under a crim-

inal charge, preferred falsely, maliciously and without probable cause. These characteristics, while they constitute unlawfulness, in themselves sufficient to show trespass, and support an action of that nature, when the arrest is not under legal process, are yet restrictive of the unlawfulness by which the action may be supported; and they were material to the action then before the court, only because they were alleged, and constituted the only character of unlawfulness which was alleged.

For instance, it was never intended to be decided that a wrongful imprisonment, not based upon a criminal charge, would not give an action of trespass for false imprisonment; or that an unlawful imprisonment, without legal process, based upon a criminal charge, effected without malice, and with probable cause, would not give such an action. Suppose the case of an arrest and imprisonment by a private person, in good faith, upon a charge of misdemeanor, not committed in his presence, of one actually guilty of the offense; surely, in such a case, an action for false imprisonment would lie.

Shortly after the decision of *Ragsdale v. Bowles, supra*, the Code of 1852 was adopted, and in it a schedule of forms of complaints was promulgated. Among these forms, is one headed : ''For false imprisonment.'' With the case of *Ragsdale v. Bowles* evidently before the codifier, he substantially conformed this form to the declaration in that case, and wrote it thus :

''A. B. plaintiff ⎫ The plaintiff claims of the defend-
       vs.       ⎬ ant —— dollars, as damages for
C. D. defendant ⎭ maliciously, and without probable
cause therefor, arresting and imprisoning (or, if the case be so, causing the defendant [?] to be arrested and imprisoned) on a charge of larceny, (or other felony as the case may be) for — days, viz. : on the — day of———.''
This form was carried into the Codes of 1867 and 1876 without change ; and into the Code of 1886, so changed as to correct the mistake, whereby the word ''defendant'' was used when ''plaintiff'' was intended, and to adapt the form to an arrest under any criminal charge, whether felony or otherwise. It thus appears, as we said of the declaration in *Ragsdale v. Bowles*, that the form of complaint, prescribed by the Code, is highly restrictive of the nature and character of the wrongful acts, which, under the general principles of law, will support an ac-

tion of trespass for false imprisonment. Pursuing that form, the action is maintainable only when the arrest and imprisonment are done or caused by the defendant, upon a criminal charge, with malice and without probable cause. We are of opinion it was not the intention of the legislature to make this form exclusive. We can not suppose it was designed to abolish the probably graver offenses of false imprisonment, civilly actionable, which are not characterized by the elements the form makes essential. This question, however, is not now before us, since the present complaint pursues the form prescribed. It alleges arrest and imprisonment of plaintiff, by the procurement of the defendant, upon a charge of larceny, with malice, and without probable cause. Being alleged, these elements must be shown to have existed, to justify a recovery by the plaintiff.

By statute, a marshal or policeman of an incorporated city or town, as well as sheriffs and constables, may, within the limits of his county, arrest a person without a warrant, when he has reasonable cause to believe that such person has committed a felony, although it may afterwards appear that a felony had not, in fact, been committed.—Code, §§ 4260 and 4262. In making the arrest the officer must inform the person of his authority, and the cause of the arrest, except when he is arrested on pursuit.—Code, § 4263. There are other cases, not necessary to mention, in which arrests may be made by officers without warrant. See sections of Code, *supra.* The defendant interposed a special plea, setting up that the alleged arrest and imprisonment of plaintiff were had and made by a policeman of the town of Decatur, an incorporated town in Morgan county, Alabama, the said policeman having reasonable cause to believe that plaintiff was guilty of the offense of grand larceny. The plaintiff demurred to this plea, assigning as grounds, that it fails to deny that the arrest was done, caused or effected, at the instance, request or command of the defendant, without reasonable cause or belief on the part of the defendant that the plaintiff was guilty of grand larceny ; and that it fails to deny that defendant caused the arrest of plaintiff maliciously and without probable cause. These pleadings are aptly framed to present the question they are intended to present, which is, whether the facts stated in the plea, taken in connection with the

[Rich v. McInerny.]

facts averred in the complaint and not traversed by the
plea, do not show the injury complained of was conse-
quential upon the defendant's wrong, by reason whereof,
the plaintiff's remedy is in case, and not in trespass.
The argument in support of the plea is that as the arrest
was by an officer, upon a charge of felony, who had rea-
sonable cause to believe the plaintiff guilty, the act was
lawful on the part of the officer; and the defend-
ant, therefore, in procuring the arrest procured the
commission of a lawful act; and his conduct being
characterized by malice and want of probable cause, his
wrong doing consisted, not in causing an unlawful arrest,
but a lawful arrest, in an unlawful manner. The vice
of the argument, we conceive, is, that it erroneously
supposes that the rightfulness or lawfulness of the officer's
act, in arresting one, without warrant, who he has rea-
sonable cause to believe has committed a felony, can be
predicated upon the command or direction of another,
procuring him to do the act. Such lawfulness on the
part of the officer is predicable alone of information
possessed by him, affording him reasonable cause to be-
lieve that a felony has been committed by the party ar-
rested; hence the arrest must be of the officer's own
volition, based upon this reasonable cause, and must not
be induced by the command or direction of another. If
he acts by the command or direction of another, and
arrests and imprisons one upon a charge of a felony
which has not been committed, or if committed, the party
commanding the arrest had no reasonable cause to be-
lieve was committed by the person arrested, the act is
unlawful on the part of the officer himself, as well as
the person who procured it.—Code, § 4266. And this is
true, although, at the same time, he may have had rea-
sonable cause to believe the party guilty. If he acted
upon the command or request of another, without which
he would not have made the arrest, the act can not be
legally considered as resulting from the reasonable belief
of guilt. We do not mean to intimate that the officer's
information, which will give him reasonable cause of be-
lief, justifying the arrest on his part, may not be derived
from another, who may, at the same time, command or
request him to make the arrest. We wish it understood
that the distinction we draw is, that the command or
request must not be the moving cause of the officer's act,

[Rich v. McInerny.]

but his act must proceed alone from his reasonable cause of belief of the party's guilt, based upon his information of facts touching guilt, howsoever derived. Whether he so acted, will always be a question of fact to be determined upon a consideration of all the circumstances of the particular case. As a corollary, if the officer was not induced by the command or request given by another, but acted alone upon reasonable cause to believe the party guilty, then such command or request, though given, can not be deemed a cause of the arrest, and the party giving it would be guilty of no trespass, without regard to the motive with which it may have been given. The plea, in question, in legal effect, confesses that the act of the officer was caused by the command of the defendant, and seeks to avoid its consequences, by the allegation, that he, the officer, at the same time, had reasonable cause to believe that the plaintiff was guilty of the felony mentioned. It does not go so far, even, as to allege that this reasonable cause of belief concurred with the defendant's command, in inducing the officer to act. The demurrers were properly sustained.

We have seen that the plaintiff took upon himself to allege that the defendant caused him to be arrested and imprisoned, on a charge of larceny, maliciously and without probable cause. We construe the larceny charged to mean grand larceny, under our statutes, as the pleader has not alleged it to have been of a smaller grade. The pleas and replications, as we interpret them, do no more than put these allegations in issue.

On the trial, it appeared that the arrest was made by police officers of Decatur, and the plaintiff, while testifying, was permitted to state, against the objection and exception of defendant, that the officers said, at the time of the arrest, that Rich, meaning defendant, had accused him of stealing a ring. There was no error in this ruling. All that was said by the officers while making the arrest was admissible as *res gestae*. Besides, there was evidence tending to show that they acted by command and procurement of the defendant, and if the jury believed that evidence, all that the officers said or did, in furtherance of such command, could be considered as evidence against him.

The court tried the case upon the theory that the existence of malice and want of probable cause, actuating

the defendant to cause the arrest, if he did cause it, were immaterial. We have shown that they were material by reason of being alleged. It was incumbent on plaintiff to satisfy the jury of both. All the charges, therefore, given for the plaintiff, except the seventh, were erroneous, in view of this principle. For like reason, the second charge requested by defendant ought to have been given.

All the other charges requested by the defendant were properly refused. The 3d exacts too high a measure of proof that defendant caused the arrest. The fourth incorrectly defines larceny, for reasons too obvious to require mention.

The fifth and sixth were properly refused because of their argumentative character.

The fifth charge, given at the instance of plaintiff, correctly defines "probable cause," to be, "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in the belief that the plaintiff was guilty." Under the complaint, as framed, if the defendant had such probable cause to believe that the felony had been committed, whether, in fact, it had been committed or not, and that the plaintiff was guilty thereof, the plaintiff was not entitled to recover.

The seventh charge given for the plaintiff, whilst it protects defendant against a recovery, if he acted without malice, or with probable cause, yet authorizes a recovery against him if he directed the arrest of plaintiff by the policemen, whether those officers acted in pursuance of such direction, or entirely of their own volition. As we have already said, if they were not moved or induced to make the arrest and imprisonment by the direction or request of defendant, it is immaterial whether he gave such direction or request or not; or, if he did, how malicious may have been his motive in giving it, or how palpable the want of probable cause. We remark, further, that if the defendant did no more than accuse the plaintiff of the theft, and give information to the officers of the facts upon which he based the accusation, upon which accusation and information the officers acted of their own volition, without command, direction or request of the defendant, then defendant is not liable in this action, although he may have acted maliciously

and without probable cause, in making the accusation and giving the information. The seventh charge is also erroneous in assuming that the plaintiff suffered injury to his feelings. Whether he did or not was a question for the jury, not the court.

For the errors pointed out, the judgment of the city court is reversed and the cause remanded.

Reversed and remanded.

BRICKELL, C. J., not sitting.