# Sanders *v.* Davis.

## *Malicious Prosecution and False Imprisonment.*

(Decided Nov. 21, 1907.   44 So. Rep. 979.)

1. *Malicious Prosecution; Complaint; Judicial Procedure.*—A complaint for malicious prosecution must allege the instigation of a judicial proceeding by defendant, want of probable cause, malice, the termination of the judicial proceeding favorably to plaintiff, and damages.

2. *Same; Commencement of Proceeding; Process.*—A complaint for malicious prosecution must aver facts showing a legal arrest at the commencement of a valid judicial proceeding, as section 5211, Code 1896, authorizes an officer to make an arrest without a warrant under some circumstances.

3. *False Imprisonment.*—A count averring merely that defendant caused plaintiff to be arrested under a charge verbally made to a policeman, is a count in false imprisonment and not in malicious prosecution.

4. *Same; Arrest; Pleading; Evidence.*—The ordinances of a city are inadmissible in evidence where the complaint for false imprisonment did not aver an arrest under circumstances provided for in such ordinance.

5. *Same; Evidence.*—Evidence as to where plaintiff lived, and how long he had lived in Alabama, was irrelevant and inadmissible in an action for false imprisonment, plaintiff's character not being in issue.

[Sanders v. Davis.]

6. *Same; Malice; Probably Cause.*—Under the form of complaint for false imprisonment prescribed by the Code, it is necessary to prove the allegation that the imprisonment was malicious and without probable cause.

7. *Same; Motive; Damages.*—Motives may be considered in measuring the damages in an action for a false imprisonment for causing an arrest under a void warrant although they are immaterial in arriving at the question of guilt or innocence, for causing the arrest.

8. *Same; Instructions; Malice; Good Faith.*—A charge asserting that whether the arrest was malicious and without probable cause did not depend on the fact whether plaintiff was guilty as charged, but whether the prosecutor acted in good faith and entertained a reasonable belief that plaintiff was guilty on a reasonable appearance of cause, is a correct statement of law.

9. *Same; Probably Cause.*—Want of probable cause for plaintiff's arrest cannot be prima facie inferred from the failure or abandonment of the prosecution.

10. *Same; Misleading Instructions.*—An instruction asserting that there was no evidence that the charge against plaintiff had been judicially investigated and the prosecution ended, in an action for false imprisonment, is only misleading as it is not material whether the prosecution had been judicially investigated and ended favorably to the defendant.

11. *Same; Reasonable and Probable Cause.*—A charge asserting that although defendant caused plaintiff's arrest through malice, yet the plaintiff could not recover unless the jury were reasonably satisfied that defendant had no reasonable cause to believe plaintiff guilty of larceny for which he was arrested, was proper since the word reasonable includes probable.

12. *Same; Words and Phrases; Reasonable Doubt and Probability of Innocence.*—A probability of innocence is the equivalent of a reasonable doubt of guilt.

12. *Same; Probable Cause.*—As a defense to an action for false imprisonment the words, probable cause for arrest, mean a reasonable ground of suspicion supported by circumstances.

14. *Same.*—An instruction asserting that before the jury could find against the defendant for false imprisonment, they must be reasonably satisfied that plaintiff's arrest was illegal, is proper.

15. *Arrest; Necessity of Warrant; Power of Officer.*—The power conferred on officers to arrest without a warrant by section 5211, Code 1896, is in derogation of the common law and must be strictly construed, and an officer has no authority under such statute to arrest without a warrant for an offense below the grade of a felony not committed in his presence.

16. *Appeal; Evidence; Prejudice.*—Where the answer did not show what the conversation was the fact that an objection to a question calling for the conversation was overruled, was not prejudicial to defendant.

17. *Same.*—Where the answer did not disclose any fact injurious to him the defendant cannot object on an appeal to the fact that objections to questions asked him as a witness were overruled.

[Sanders v. Davis.]

18. *Trial; Verdict; Instruction.*—The instructions and verdict will be referred to the complaint as it really is and not to what it has been supposed to allege.

19. *Trial; Objections to Evidence.*—Unless the testimony is plainly inadmissible for any purpose, it is not error to admit it over a general objection not specifying and grounds.

20. *Same; Instructions; Credibility of Witness.*—A charge that if the jury believe plaintiff knowingly and intentionally gave false testimony as to a material matter, then the jury might reject his entire testimony, is correct.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action for false imprisonment by Ed Sanders against Thomas Davis. From a judgment for defendant, plaintiff appeals. Affirmed.

The pleadings are fully discussed in the opinion of the court. The evidence objected to is also set out in the opinion. At the request of the defendant the court gave the following charges to the jury: "(9) The question of whether the arrest was malicious and without probable cause does not depend upon whether the plaintiff was in fact guilty as charged, but whether the prosecutor acted in good faith, and on a reasonable appearance of cause he entertained a reasonable belief that the plaintiff, Ed. Sanders, was guilty. The mere fact that the prosecution was abandoned, or nol. pros'd, if you believe it was abandoned or nol pros'd, is not prima facie evidence of want of probable cause. (10) There is no evidence that the charge against plaintiff has been judicially investigated and the prosecution ended." "(12) Although you may believe that the defendant caused the arrest of the plaintiff from malice, yet you cannot find for the plaintiff, unless you are also reasonably satisfied that he had no reasonable cause to believe the plaintiff guilty of larceny." "(16) Before you can find against the defendant for false imprisonment, you must be reasonably satisfied that the arrest of the plaintiff was illegal." "(21) If

you believe that the plaintiff knowingly and intention-
ally gave false testimony on his examination as a wit-
ness as to a material matter, then you have a right to re-
ject his entire testimony." From a judgment for defend-
ant, plaintiff appeals.

B. M. ALLEN, for appellant. For the first report of
this case see 133 Ala. 276. In actions for false impris-
onment all matters in justification of the arrest must be
specially pleaded.—*Rich v. McInnery*, 103 Ala. 345;
*Gambill v. Shumack*, 131 Ala. 321; 11 Cyc. 361. The
trial was had on the theory that the 3rd count was for
malicious prosecution, and this court will deal with
questions arising thereunder as though that was a fact.
—*Glass v. May*, 26 South. 890; *Ga. Pac. Ry. Co. v.
Propst*, 90 Ala. 1; *Ex parte Pierce*, 80 Ala. 195. The
plaintiff was entitled to recover compensatory damages
for false imprisonment without the allegation of any
special damages.—8 Cyc. 368. It was material as show-
ing probable cause and good faith in making the arrest,
to show where the party arrested lived, and how long he·
had lived in Alabama.—61 Wis. 44. The court erred in
overruling plaintiff's objection to the question ask-
ed the defendant, if he had ever talked with Judge Fae-
gin about the case.—*McLeod v. MccLod*, 75 Ala. 477; 8·
Ency. of Evi. 404. The court improperly permitted the
attorney to read from the former bill of exceptions the
evidence of Lorena Davis and Officer McKnight given·
at the former trial.—*Torrey v. Berney*, 113 Ala. 496;
*Thompson v. The State*, 106 Ala. 67; *Lowe v. The State*,
86 Ala. 47. The court erred in giving charge 9 at the·
request of the defendant.—*Watts v. Cligg*, 48 Ala. 561;
*Long v. Rodgers*, 17 Ala. 540; 27 Am. St. Rep. 25; 58·
Am. Dec. 85; 7 N. C. 247. Counsel discusses the other
charges but cites no authority.

[Sanders v. Davis.]

LONDON & LONDON, and H. K. WHITE, for appellee. The question as to where plaintiff lived and how long he had lived there was immaterial.—*Davis v. Sanders,* 133 Ala. 275. The assignment of error on the charges is general and manifestly. bad.—*Southern Ry. Co. v. Douglass,* 144 Ala. 351. Besides the charges assert correct principles of law. The objection to the testimony of White and the reading by him from the bill of exceptions on the former trial, was clearly without merit. The objection was general and the evidence offered was neither patently illegal nor irrelevant.—Rule 9, Sup. Ct. Pract.; *K. C. M. & B. R. R. Co. v. Smith,* 90 Ala. 25; *Ladd v. The State,* 92 Ala. 58; *Larkin v. Baty,* 111 Ala. 303; *Braham v. The State,* 143 Ala. 28.

SIMPSON, J.—This was a suit brought by the appellant against the appellee. Originally the complaint contained two counts, and the second count was subsequently amended. In that condition the case came before this court, and the court held that both counts, original and as amended, were in trespass for false imprisonment, and that there could be no recovery thereunder for a malicious prosecution. The defect pointed out by the court, as failing to make out a count for malicious prosecution, was that there was no allegation "of the issuance of process, properly describing it, and the plaintiff's arrest and imprisonment by virtue thereof." —*Davis v. Sanders,* 133 Ala. 275, 278, 32 Southt. 499. Upon the second trial a third count was added by amendment, which still leaves out any averment of process and arrest thereunder, but, in lieu thereof, alleges that the defendant caused "the plaintiff to be arrested under a charge made verbally to a policeman of the city of Birmingham, Alabama, on the charge of larceny, which charge, before the commencement of this action,

has been judicially investigated by the police court of Birmingham, and said prosecution ended and the plaintiff discharged." It is insisted by the appellee that the third count is still a count in trespass for false imprisonment, and not in case for malicious prosecution, because it does not allege that the plaintiff was arrested under process.

It is true that the case of *Davis v. Sanders, supra,* and others, hold that the absence of an allegation of the issuance of process is fatal to a count for malicious prosecution.—*Holly v. Carson,* 39 Ala. 345. The reason which underlies these decisions is that, in order to constitute malicious prosecution, it is necessary to show that the party was arrested under regular valid judicial proceedings, by virtue of which he might have been legally convicted of the offense charged. The averments must show, first, a judicial proceeding; second, that it was instigated by the defendant; third, want of probable cause; fourth, malice; fifth, the termination of the judicial proceeding favorably to the plaintiff; and, sixth, the damage.—13 Ency. Pl. & Pr. 427. Section 5211 of the Code of 1896 authorizes an officer (including a policeman) to arrest, without a warrant, for a public offense committed within his presence or a breach of the peace threatened in his presence, "or when a felony has been committed, though not in his presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it, or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony has not, in fact, been committed, or on a charge made, upon reasonable cause, that the person arrested has committed a felony." While it may not be accurate, in view of the above statute, to

say that in every case it is necessary, in order to count on malicious prosecution, to aver the issuance of process and arrest thereunder, yet the averments must be such as to show a legal arrest as the commencement of a valid judicial proceeding.

In a case of action for false imprisonment, the defendant interposed a special plea, setting up an arrest by a policeman "having reasonable cause to believe that plaintiff was guilty." In support of the plea the argument was made that the arrest, having been made by the officer on reasonable cause, was a lawful arrest, and, the defendant having caused it, his liability was for malicious prosecution, and not for false imprisonment. This court said that the vice of the argument was in supposing that the rightfulness or lawfulness of the officer's act could be predicated upon the command or direction of another procuring him to do the act, and that "if he acts by the command or direction of another, and arrests and imprisons one upon a charge of a felony which has not been committed, or, if committed, the party commanding the arrest had no reasonable cause to believe was committed by the person arrested, the act is unlawful on the part of the officer himself, as well as the person who procured it."—*Rich v. McInerny*, 103 Ala. 345, 355, 356, 15 South. 663, 49 Am. St. Rep. 32. While the expressions of the court in the foregoing case are not entirely clear to the writer, yet they seem to present the dilemma that if the officer acted on the command or direction of another, who had no "reasonable cause," then the arrest was illegal, and consequently false imprisonment was the remedy; while, on the other hand, if the party upon whose command or direction he acted had "reasonable cause," then the arrest would be legal and valid, so that false imprisonment would not lie, nor could the party causing the ar-

rest be held for malicious prosecution, because he had "probable cause." If this be the reasoning of the court, then the result is that a party instigating an arrest without a warrant can be made liable only in an action of false imprisonment, and not in an action of malicious prosecution.

The court, in that case, was dealing only with an arrest made on the verbal direction of the defendant, and the defendant was seeking to justify the arrest on the ground that the policeman had reasonable cause to believe that the plaintiff was guilty. It is probable that, under the last clause of the statute, if a regular formal charge should be made by affidavit, stating that the affiant has reasonable cause to believe, etc., the fact of his really having, or not, reasonable cause, would not be the test of the legality of the arrest. This court has held that, where a warrant of arrest was issued by a justice of the peace in one county, and sent to another, where the arrest was made without the indorsement by a justice of that county, as required by statute, although it was without force as a warrant in the latter county, yet it was sufficient, as a "fact that a charge had been made on reasonable cause," to make the arrest valid.— *Ex parte Smotherman,* 140 Ala. 168, 171, 37 South. 376. But, however that may be, a count for malicious prosecution should at least aver that the defendant had made such a formal charge as would have justified the officer to make the arrest, based on that charge, and it is not sufficient to aver merely that the defendant caused the plaintiff to be arrested under a charge made verbally to a policeman.

This extraordinary power given to officers, being in derogation of the common law, must be strictly construed. It results that the third count, which was added to the complaint in this case, was still a count for

.false imprisonment, and not for malicious prosecution. If the offense had been below the grade of felony, there would have been no authority under the statute to arrest without a warrant.—*Mitchell v. Gambill,* 140 Ala. 545, 554, 37 South. 402; *Gambill v. Schmuck,* 131 Ala. 321, 331, 31 South. 604.  So, whether the charge in this case was grand or petit larceny, the result as to the legality or illegality of the arrest would be the same.

The ordinances of the city, which were introduced, have no bearing on this case, as the complaint does not aver an arrest under the circumstances therein provided for.

The cases on the subject of taking issue on an immaterial issue of fact, presented by a plea not demurred to, have no application to this case.  The first two counts were for false imprisonment, and, as shown, we hold that the third count, also, was for false imprisonment. The plea was simply the general issue to the entire complaint.  The verdict and instructions will be referred to the complaint as it was, and not to what it may have been supposed to be.—*Hazzard v. Purdom,* 3 Porter. 43; *Ex parte Pearce,* 80 Ala. 195; *Irion et al. v. Lewis,* 56 Ala. 190; *Mudge v. Treat,* 57 Ala. 1.

There was no error in sustaining the objection by the defendant to the question to plaintiff, as a witness, as to where he lived and how long he had lived in Alabama. Even if that could be any evidence bearing on his character, his character was not in issue.—*Davis v. Sanders,* 133 Ala. 275, 275, 279, 32 South. 499.  A tramp is entitled to the protection of the law, equally with a citizen.

The overruling of the objection to the question to the defendant, "Did you have any conversation with Judge Feagin with reference to this case?" if error, was with-

out injury, as the answer did not show what the conversation was.

The court did not err in overruling the objections to the questions to the defendant, as a witness, in regard to his seeing Henrietta Davis, and the answers thereto, as the answers did not disclose any fact which could injure the defendant.

The objection to the reading of the former testimony of Lorena Davis and Officer McKnight, also the objection to the question to the defendant, "Were you before the grand jury?" etc., cannot be considered, as the court will not be put in error for overruling general objections to testimony, not specifying any grounds, unless the testimony is plainly inadmissible for any purpose. This is particularly true of secondary evidence.—9 Ency. Ev. pp. 58, 62, 65, 78; *Railway Co. v. Sweet,* 60 Ark. 550, 31 S. W. 571; *People v. Lonie Foo,* 112 Cal. 17, 44 Pac. 453; *People v. Baird,* 105 Cal. 126, 38 Pac. 633; *Bates v. Morris,* 101 Ala. 282, 13 South. 138; *Larkin v. Baty,* 111 Ala. 303, 18 South. 666; *Ladd v. State,* 92 Ala. 58, 9 South. 401; *K. C. M. & B. R. R. Co. v. Smith,* 90 Ala. 25, 8 South. 43, 24 Am. St. Rep. 753.

There was no error in the giving of charge 9, on request of the defendant. As bearing upon the question as to whether "probable cause" was material in the action for false imprisonment, this court has held that, under the form of complaint prescribed by our Code, the allegation of "malice and without probable cause" must be proved (*Rich v. McInerny,* 103 Ala. 345, 354, 15 South. 663 49 Am. St,. Rep. 32), and in another case, in which there was no averment of want of probable cause, but there was an averment of malice, this court said that, while the motives are immaterial in arriving at the question of guilt or innocence for causing an arrest un-

der a void warrant, yet they may be considered in meas-
uring the damages.—*Oates v. Bullock,* 136 Ala. 537,
544, 33 South. 835, 96 Am. St. Rep. 38.   This court has
also held that the want of probable cause cannot be in-
ferred from the failure or abandonment of the prosecu-
tion.—*McLeod v. McLeod,* 75 Ala. 483, 486.

In an action for false imprisonment it is not material
whether the prosecution has been judicially investigated
and ended.   Hence the most that can be said of charge
10 is that it was misleading, and the court cannot be
placed in error for giving it.

There was no error in giving charge 12, requested by
·the defendant.   Unless the cause which led the defend-
ant to believe that the plaintiff had committed the lar-
ceny was "reasonable," it could not be a "probable"
cause.   A reasonable cause is simply a rational or sensi-
ble cause as contradistinguished from a fancied cause
which has no reason to support it, while "probable" is
defined as "having more evidence than the contrary."
This court has held that a probability of innocence is the
equivalent of a reasonable doubt of guilt.—*Bones v.
State,* 117 Ala. 138, 23 South. 138; *Whitaker v. State,*
106 Ala. 30, 17 South. 456; *Bain v. State,* 74 Ala. 38.   It
has, also in a false imprisonment case, held correct a
charge which asserted that a probable cause meant a
reasonable ground of suspicion, supported by circum-
stances, etc.—*Rich v. McInerny,* 103 Ala. 345, 357, 15
South. 663, 49 Am. St. Rep. 32.

· Charge 16, given at the request of the defendant, as-
serts a correct principle of law.

There was no reversible error in the giving of charge
21, requested by the defendant.—*Childs v. State,* 76 Ala.
93 95; *Jordan v. State,* 81 Ala. 20, 31, 1 South. 577; *A.

*G. S. R. R. Co. v. Frazier*, 93 Ala. 46, 51, 9 South. 303, 30 Am. St. Rep. 28. 2 Elliott on Ev. § 956.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.