(86 South. 118)

HOLLAND v. STATE. (7 Div. 634.)

(Court of Appeals of Alabama. June 15, 1920.)

1. CRIMINAL LAW ⟨⟩695(2)—GENERAL OBJECTIONS INSUFFICIENT, UNLESS TESTIMONY INADMISSIBLE FOR ANY PURPOSE.

The admission of testimony over general objections is not error, unless the testimony is plainly inadmissible for any purpose.

2. WITNESSES ⟨⟩219(3)—DEFENDANT'S CONVERSATION WITH ATTORNEYS NOT PRIVILEGED AFTER DISCLOSURE OF SECRECY BY DEFENDANT.

Testimony as to what defendant had told witness concerning defendant's conversation with his attorneys held not objectionable as testimony as to a privileged conversation, since defendant, having disclosed its secrecy, could not claim the privilege that he had had before disclosure.

3. CRIMINAL LAW ⟨⟩419, 420(10), 1169(12)—EVIDENCE AS TO WHY DEFENDANT DID NOT SURRENDER HIMSELF AS INTENDED HELD HARMLESS.

In homicide prosecution, involving self-defense issue, where there was testimony that defendant had gone to town planning to give himself up to the sheriff, but that he had not in fact surrendered himself, admission of testimony that defendant had told witness that on reaching town he had talked to some lawyers who had hold him not to give himself up, was hearsay, but harmless; such evidence tending to explain his failure to surrender himself to the sheriff.

4. WITNESSES ⟨⟩287(4)—REDIRECT EXAMINATION HELD PROPER IN VIEW OF CROSS-EXAMINATION.

In murder prosecution involving self-defense issue, where defendant, on cross-examination of state's witness, elicited that witness had heard people talk of deceased as a bad fighting, dangerous man, it was competent for the state to prove, on redirect examination, that witness had never heard of deceased fighting with anything but his fist.

5. HOMICIDE ⟨⟩268—WHETHER CERTAIN TESTIMONY HAD REFERENCE TO DEFENDANT HELD FOR JURY.

In murder prosecution, where witness, having been asked whether he had seen defendant or his brothers going in the direction of the place where body had been found, answered that he had seen "the Holland [defendant's family name] boys" going in that direction, the question of whether the defendant was one of the Holland boys referred to was for the jury.

6. HOMICIDE ⟨⟩170—TESTIMONY AS TO DIRECTION OF WAGON TRACKS HELD COMPETENT.

In murder prosecution, where witness had testified to seeing wagon in which defendant was riding going toward place where deceased's body was discovered on day of killing, it was competent for witness to further testify as to the direction the wagon tracks were going.

7. HOMICIDE ⟨⟩192—TESTIMONY AS TO DEFENDANT'S UTTERANCE AMOUNTING TO THREAT HELD ADMISSIBLE WHEN SELF-DEFENSE CLAIMED.

In murder prosecution involving self-defense issue, testimony that defendant, on certain occasion shortly before the killing, had had possession of a pistol, and had stated that deceased had accused him of theft, that he had been run over until he had got tired of it, and that, "I guess I am already in trouble; I have got to where I don't give a G——d d——n"—held admissible; the utterance being susceptible of interpretation as a threat against deceased.

8. CRIMINAL LAW ⟨⟩1044 — OBJECTION TO QUESTION PRESUMED WAIVED BY FAILURE TO MOVE FOR EXCLUSION OF ANSWER.

Where no motion was made to exclude answer to question propounded to witness, it will be presumed on appeal that the objection to the question was waived.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Will Holland was convicted of murder in the second degree, and he appeals. Affirmed.

Isbell, Scott & Downer, of Ft. Payne, for appellant.

What the brothers of the defendant had in the way of firearms was not admissible. 143 Ala. 42, 38 South. 919; 153 Ala. 25, 45 South. 248. The testimony of Jack West was not admissible. 68 Ala. 486; 68 Ala. 492; 73 Ala. 5; 146 Ala. 109, 41 South. 413. Counsel discuss other assignments of error, but without further citations of authority.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. The defendant was indicted and convicted for murder in the second degree, and sentenced to the penitentiary for 18 years. The defendant admitted that he killed deceased, but claimed that he acted in self-defense.

[1] The witness Cicero Spurgeon testified, among other things, that the killing took place on Sunday, the 29th day of June, and that he heard the shots; that in about an hour he saw the defendant, together with his brothers and one John York, and that he had a conversation with the defendant, who had a gun at that time; that he believed that defendant stated that his brothers and John York were with him at the time of the killing. The solicitor then asked the witness, "Did either of his brothers have anything?" The witness answered, "One of them had a gun." The defendant reserved an exception to the overruling of his objection to the question and his motion to exclude the answer. The objections were general, and, this being so, the trial court will

not be put in error unless the testimony is plainly inadmissible for any purpose. Sanders v. Davis, 153 Ala. 375, 44 South. 949; Montgomery v. State, 160 Ala. 7, 49 South. 902.

[2, 3] After the killing the witness Spurgeon came to Ft. Payne with defendant for the defendant, as he stated to witness, to give himself up to the sheriff, but it appears the defendant decided not to do this after reaching town. Defendant stated to witness that he had seen some lawyers, and this question was then asked the witness: "What did defendant say after he saw the lawyers?" Over the defendant's objections, witness was permitted to answer, and said: "He said he had done talked to two lawyers, and they told him if they were in his place they wouldn't give up, but would go back home and let the state start the case." The contention is that this was a privileged conversation. Granting this to be true, the defendant was the one divulging its secrecy, and he cannot disclose it, and then claim a privilege that he may have had before disclosure. The vice of it would appear to be that it is hearsay, but we are impressed that on account of this testimony the defendant cannot complain, for no possible injury could have been done to him, in fact, it tends to explain away his reason for not surrendering to the sheriff; it being in evidence without objection that he went to Ft. Payne for this purpose.

[4] It was competent for the state to prove on redirect examination of a witness that "he had never heard of him [deceased] fighting with anything but his fist," it having been shown on cross-examination of the witness that he had "heard people talk of his [deceased's] being a bad fighting man, a dangerous man; they said he was a bulldozing, rough man." This was in rebuttal of testimony brought out by the defendant.

There was no prejudicial error to the defendant in the court's rulings on the testimony of the witness Countiss. The testimony of defendant's witness York, and that of the defendant himself, describe the killing as having occurred at or near the old still place, where there was formerly a still; that he (defendant) met deceased about 30 yards from the still place.

[5] It was for the jury to say from the evidence as to whether Will Holland, the defendant; was one of the Holland boys referred to in the witness Countiss' testimony when he said, "I saw some of the Holland boys going that way with a wagon," the question to the witness being, "Had you seen the defendant or his brothers, on the day of the killing, going in the direction of the place where you found the body?"

[6] And, having testified as above set out, it was competent for the witness to further testify as to the direction the wagon tracks were going.

[7, 8] The state was permitted to prove, over the objection of the defendant, that on one occasion, shortly before the killing, the defendant had a pistol. and that at that time he stated "that deceased had accused him of stealing a barrel," and "that he had been run over until he had got tired of it," and "I guess I am already in trouble, I have got to where I don't give a God damn." This may or may not have had reference to the deceased, and if to the deceased, it may or may not have been a threat. The defendant admitted the killing, but claimed it was done in self-defense. So the above was properly admitted along with the other evidence in the case. Anderson v. State, 79 Ala. 5; Jones v. State, 76 Ala. 8. The utterance was susceptible of being interpreted as a threat. No motion was made to exclude the answer to the question propounded to the witness York, and the presumption is the objection to the question was waived.

Charges 2, 4, and 5 omit some of the elements necessary to constitute self-defense. Charge 3 is abstract. Charge 6 is unintelligible. Charge 8 is argumentative, if not otherwise bad. Charge 9, if good, is covered by the oral charge and one or more given written charges.

We find no error, and the judgment of conviction is affirmed.

Affirmed.