(88 South. 855)

## STANDARD OIL CO. v. HUMPHRIES.
### (6 Div. 140.)

(Supreme Court of Alabama. Feb. 3, 1921. Rehearing Denied April 21, 1921.)

1. **False imprisonment** ⊂⊃20(1)—**Count sufficient, though containing needless averments.**

In an action for malicious prosecution and false imprisonment, count not charging that the agents or servants of defendant corporation caused the issuance of process against plaintiff, and therefore not charging a malicious prosecution, *held* sufficient as a count for false imprisonment, though containing some needless averments.

2. **Trial** ⊂⊃337—**Verdict held in conflict with instructions.**

In an action for malicious prosecution and false imprisonment, the complaint stating a cause of action only for false imprisonment, but the trial court and counsel for both sides considering it as being for malicious prosecution, verdict for plaintiff *held* in conflict with the instructions of the court, particularly defendant's given charge that it is essential to an orderly administration of justice that the jury should obey instructions, etc.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by William S. Humphries against the Standard Oil Company for damages for malicious prosecution and false imprisonment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 7 is as follows:

"Plaintiff claims of the defendant $3,000 damages, for that heretofore, on, to wit, the 5th day of May, 1919, the defendant's agents or servants, while acting within the line and scope of their employment, maliciously and ,without probable cause therefor caused the plaintiff to be arrested by a police officer of the city of Bessemer, who was then and there acting in the lawful discharge of his duties as such police officer, on, to wit, May 5, 1919, on a charge of burglary and grand larceny, which charge before the commencement of this action has been judicially investigated, said prosecution ended, and the plaintiff discharged.

"And the plaintiff says that as a proximate result of said arrest he was deprived of his liberty, compelled to remain under bond for his appearance at court a long time, to wit, four days, and· was greatly frightened, humiliated, and chagrined and was caused to· appear in open court to defend said charge before divers persons, and was made nervous and sick and caused to suffer great mental anguish, and was compelled to pay out a large sum of money to attorneys to defend him against said charge, all to his damage aforesaid."

The demurrers treated in the opinion are as follows:

"It does not appear therefrom with sufficient certainty that any servant or agent of the defendant, acting within the line and scope of his employment, maliciously and without probable cause therefor prosecuted the plaintiff, and that the charge preferred against the plaintiff was judicially investigated and the plaintiff discharged.

"It does not appear therefrom with sufficient certainty that the defendant, or any servant or agent of the defendant, acting within the line and scope of his employment, instituted the said proceedings against the plaintiff.

"For aught that appears to the contrary, the plaintiff's arrest and imprisonment was not effected or caused or instigated by the defendant."

Charge 10, given for the defendant, is as follows:

"The court charges the jury that, before the plaintiff was entitled to a verdict in this case, he must reasonably satisfy the jury by the evidence: First, that the defendant, or some agent or servant of the defendant, acting within the line and scope of his employment, instigated or caused his prosecution; second, that the prosecution was maliciously caused or instigated by the defendant; third, that there was no probable cause for believing the plaintiff guilty of the charge preferred against him."

Huey & Welch, of Bessemer, and Tillman, Bradley & Baldwin, of Birmingham, for appellant.

. Count 7 was subject to the demurrers. 153 Ala. 375, 44 South. 979; 133 Ala. 275, 32 South. 499; 16 Ala. 62; 19 Ala. 760; 39 Ala. 345; 52 Ala. 272; 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. The verdict was contrary to the oral and written charges given in this case. 199 Ala. 28, 73 South. 976; 182 Ala. 51, 62 South. 737, Ann. Cas. 1915D, 663; 148 Ala. 527, 41 South. 683; 150 Ala. 445, 43 South. 856; 29 Cyc. 618. Counsel discuss other matters not referred to in the opinion.

Goodwyn & Ross, of Bessemer, for appellee.

Count 7 was sufficient as a count in malicious prosecution. 10 Ala. App. 540, 65 South. 705. If not sufficient, any error was cured by the charges of the court; as both sides treated the count as a count for malicious prosecution. 157 Ala. 615, 47 South.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

654; 77 South. 56; 13 Ala. App. 468, 69 South. 382; rule 45, Sup. Ct. Prac. (61 South. ix). The verdict was not contrary to the instructions of the court. 203 Ala. 378, 83 South. 122. On rehearing counsel insist that under section 6269, Code 1907, a lawful arrest may be made, without process. 153 Ala. 375, 44 South. 979. In any event the verdict and instructions will be referred to the complaint as it was, and not what it may be supposed to be. 3 Port. 33; 80 Ala. 195; 56 Ala. 190; 57 Ala. 1.

ANDERSON, C. J. [1] This case was submitted to the jury upon count 7 of the complaint alone. This count does not charge that the agents or servants of the defendant caused the issuance of process against the plaintiff and did not therefore charge a malicious prosecution as distinguished from false imprisonment. Sanders v. Davis, 153 Ala. 375, 44 South. 979, and cases there cited. The count was sufficient, however, as one for false imprisonment, notwithstanding it contained some needless averments, which the plaintiff was required to prove. Counsel for appellant do not seriously question the sufficiency of said count as one for false imprisonment, but insist that, as it was treated as for malicious prosecution, the trial court should have sustained its demurrer thereto as such. Unquestionably it was lacking in a material averment as for a malicious prosecution, but, being sufficient as for false imprisonment, we cannot reverse the trial court for overruling the demurrer.

While there are some written charges given and refused, dealing with false imprisonment as well as malicious prosecution, it is evident that the trial court and counsel on both sides construed the count as being for malicious prosecution. The trial court instructed the jury as to the essentials of a malicious prosecution, and directed that there must have been the institution or instigation of a prosecution by the agents or servants of the defendant acting within the scope of their authority before there could be a verdict against the defendant. There was no proof of the making of an affidavit or the legal institution of a prosecution by any agent of the defendant against the plaintiff. Rhodes v. McWilson, 202 Ala. 68, 79 South. 462, 1 A. L. R. 568. And while there may have been evidence from which the jury could infer that an agent of the defendant caused the arrest, yet if it was wrongfully caused, it was false imprisonment; no prosecution having been instituted by said agent. Indeed, treating the count as one for malicious prosecution, the trial court should have given the affirmative charge for the defendant. It is sufficient to say that, whether the case was tried upon the correct theory or not, the verdict of the jury should have responded to the issues presented, and should not have been in disregard of the evidence or instructions of the court. The verdict here was opposed to the instructions of the court, especially defendant's given charge (which we designate as 10).

"It is essential to an orderly administration of justice that juries should obey the instructions of the court. If the court is in error in giving instructions, the jury should, nevertheless, obey the instructions, and the injured party would have recourse by appeal to this court, which is the proper forum to pass upon the actions of the trial court." Fleming & Hines v. L. & N. R. R. Co., 148 Ala. 527, 41 South. 683; Wolf v. Delange, 150 Ala. 445, 43 South. 856; Talley v. Whitlock, 199 Ala. 36, 73 South. 976.

In this last case the court seems inclined to hold that a verdict will not be disturbed, if it conforms to certain charges of the court, though in conflict with other charges. In other words, if the trial court gives conflicting or inconsistent charges, a verdict in obedience to one will not be disturbed, because not in accord with the conflicting charge. The charges here, however, are not so conflicting as to justify the jury in finding for the plaintiff, although there was no proof of a legal prosecution by the agent of the defendant.

Counsel for appellee have in their brief sought refuge in rule 45 (61 South. ix) upon the theory that, notwithstanding[1] this case was treated and tried as one for a malicious prosecution, the evidence warranted a verdict for the plaintiff for false imprisonment. We do not think that rule 45 was intended to permit verdicts to stand when rendered upon a different issue and cause of action from the one upon which the case was tried, especially when two theories are not harmonious and are inconsistent. There is a decided distinction between malicious prosecution and false imprisonment; one is a trespass, the other is not; one is a wrongful arrest, the other is the wrongful, but lawful, institution of a prosecution; and the defenses are materially different. The trial court erred in not granting the defendant's motion for a new trial, and the judgment is reversed and the cause is remanded, in order that this case may be retried upon issues conformable to the cause of action as set out in the complaint.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.

### On Rehearing.

ANDERSON, C. J.   Counsel insist upon rehearing that there may be a malicious prosecution without the issuance of process, under section 6269, as construed in the case

_____
[1] 175 Ala. xxi.

of Sanders v. Davis, 153 Ala. 375, 44 South. 979. As we understand this case, it follows the former decision, and while there is an expression of the writer, not decisive of the case, that, in view of the above statute, it may not be accurate to say in every case it is necessary, in order to count on malicious prosecution, to aver the issuance of process and arrest thereunder, yet the averments must be such as to show a legal arrest as the commencement of a valid judicial proceeding. We do not construe this expression as holding that an arrest made by an officer upon the mere oral charge or direction of a third person could amount to such a lawful institution of a prosecution as to render the said third person liable for a malicious prosecution, as distinguished from false imprisonment, in case the arrest was wrongful and without probable cause. On the other hand, the opinion further states that—

"A court for malicious prosecution should at least aver that the defendant had made such a formal charge as would have justified the officer to make the arrest, based on that charge, and it is not sufficient to aver merely that the defendant caused the plaintiff to be arrested under a charge made verbally to a policeman."

It was also held in the recent case of Rhodes v. McWilson, 202 Ala. 68, 79 South. 462, 1 A. L. R. 568, that in order for an officer to justify an arrest upon the charge of another that the charge must be written and formal, as distinguished from an oral request or direction. There is nothing whatever in this record to show that this defendant instituted a prosecution against this plaintiff by making affidavit or otherwise, other than to verbally direct or acquiesce in the arrest, so as to justify the jury in disregarding the defendant's given charge 10.

Our attention is next called to the case of Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122. We do not understand that case as being opposed to the rule laid down in the Hines and Wolf Cases, supra, and as recognized in the case of Talley v. Whitlock, 199 Ala. 36, 73 South. 976, but as merely following the exception to the rule as brought out in the Talley Case, that when charges are given which are so inconsistent that the verdict of the jury cannot conform to all of them, that the same will not be disturbed because it does not comply with an erroneously given charge, which is in conflict with other properly given charges. Indeed, this exception to the rule was recognized in the original opinion in this case, wherein it was observed:

"The charges here, however, are not so conflicting as to justify the jury in finding for the plaintiff, altho there was no proof of a legal prosecution by the agent of the defendant."

We still think that this case was tried upon such a misconception of the course of action as presented by the complaint and under such a confusion as to the material ingredients of same that the code of justice requires a reversal and retrial.

Rehearing overruled.

SAYRE, GARDNER, and MILLER, JJ., concur.