## Murphy v. McAdory, et al.

*Assault and Battery and False Imprisonment.*

(Decided June 5, 1913.  62 South. 706.)

1. *Sheriff and Constable; Action on Bond; Directing Verdict.*— Where the complaint was against a sheriff and his bondsmen jointly, and contained three counts, two of which under the evidence made no case against the bondsmen, who, if liable at all, were liable only for the breach of the official bond, the affirmative charge for plaintiff could not be given, even if the fact showed an unlawful restraint of plaintiff's person, as such charges should have been restricted to the third count for breach of the bond, or to a recovery against the sheriff alone.

2. *False Imprisonment; Elements; Malice.*—Malice is not an essential element of false imprisonment.

3. *Same; Pleading; Malice.*—Where a complaint in an action for false imprisonment alleged the unnecessary fact that the act was done maliciously, malice must be proven.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Phillip Murphy against W. K. McAdory, and his official bond as sheriff, for damages for assault and battery and false imprisonment. Judgment for defendants and plaintiff appeals. Affirmed.

The gravamen of the action is the false imprisonment of plaintiff by defendant McAdory acting in his official capacity as sheriff of Jefferson county. The trial was had on the following admitted facts, as shown by the bill of exceptions; on January 4, 1912, plaintiff was

imprisoned by defendant McAdory as sheriff of Jefferson county, in the county jail at Birmingham, Jefferson county, on a mittimus charging assault and battery with a weapon, and his case had been investigated by the grand jury of said county on that day. The fact is that they refused to find a true bill for any offense against. plaintiff. The sheriff restrained plaintiff in said jail continuously from January 5, 1912, till March 19, 1912, when he was released by the said sheriff from said imprisonment. Plaintiff was able to and did obtain wages before and after he was in jail at the rate of $1.50 per day. The United States Fidelity & Guaranty Company was the surety on the bond of W. K. McAdory as sheriff of Jefferson county. The clerk of the criminal court of Jefferson county refused to let defendant have access to the grand jury docket of Jefferson county showing the deliberation and orders of the grand jury, among which was the order finding a no bill against the plaintiff Murphy. The sheriff discharges prisoners where the grand jury finds no bill, and defendants are in jail upon the receipt of a written order by the solicitor showing the disposition of the case in the grand jury. The original order received by the sheriff from the solicitor in this case dated March 9, 1912, was not received by the sheriff until March 19, 1912, when plaintiff was discharged. The following is a copy of the order: To Walter K. McAdory, Sheriff of Jefferson County, Birmingham, Ala., March 9, 1912. By order of the Honorable Grand Jury of the Criminal Court of Jefferson County, you are directed to release the following persons from custody for the reasons set forth, No. 43: Phillip Murphy; offense A. and B. with W; disposition, no bill. (The grand jury docket shows this party on bond, and the release is issued on advice from W. L. Metcalf, deputy sheriff, on above date that that party is in jail.) H. P.

Heflin, Solicitor, by John W. Lambert. Received of the Solicitor of Jefferson Couty, order for release of parties as set forth above. Signed, W. K. McAdory, Sheriff. The court refused to instruct the jury to find for plaintiff as requested in writing, and at the request of defendant charged that the sheriff is not the custodian of the grand jury docket, and that the clerk of the criminal court is the custodian of the grand jury docket, and that the docket shall be kept secret until defendants are released.

ALLEN & BELL, and J. Q. SMITH, for appellant. The action of the grand jury in finding no bill against the prisoner is a judicial act.—*Parsons v. Age Herald P. Co.,* 61 South. 345. A justification for one day has no legal effect towards justifying confinement on a subsequent day.—19 Cyc. 342, note 88 and cases cited. The motive of the sheriff and his diligence or lack of diligence are beside the issues in this case.—*Oates v. Bullock,* 136 Ala. 537 ; *Ex parte Sterns,* 104 Ala. 93 ; *Smith v. State,* 149 Ala. 53. The imprisonment was unlawful.—*White v. State,* 134 Ala. 197. Under the facts plaintiff made out a prima facie case.—5 Enc. of Evid. 733. In order for evidence of justification to be admissible in an action for false imprisonment, the facts must be specially pleaded.—8 Enc. P. & P. 850; 11 Cyc. 361; *Gamble v. Fuqua,* 148 Ala. 488.

GIBSON & DAVIS, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—Conceding, without deciding that the facts in evidence show an unlawful restraint of plaintiff's person for which an action lies against the sheriff and his bondsmen, yet the general affirmative

charge as requested by plaintiff was properly refused to him for two reasons:

1. The action is against the sheriff and his bondsmen jointly and contains three counts, the first two of which are, respectively, for an unlawful imprisonment and for an assault and battery by the defendants. Obviously on these two counts the evidence makes no case against the bondsman, who was liable, if at all, only by contract for the breach of the sheriff's official bond. Hence the charge requested should have been restricted to the third count, which is for breach of the bond, or else restricted to a recovery against the sheriff *alone*.

2. The first and third counts, grounded on a false imprisonment, declare that the act was *maliciously* done. While malice is not an essential element of false imprisonment, yet, when the offense is thus characterized in the complaint, malice must be proved or the case fails. —*Rich v. McInerny*, 103 Ala. 345, 354, 15 South. 663, 49 Am. St. Rep. 32; *Fuqua v. Gambill*, 140 Ala. 464, 37 South. 235.

There is nothing in the evidence here to indicate malice in the unlawful restraint of plaintiff by the sheriff or his deputy, certainly not as matter of law. For this reason also it cannot be held that the verdict was contrary to the law or the evidence.

The two special charges, if material, are not referred to in argument and need not be considered.

No error appearing, the judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.