# Strain *v.* Irwin.

### Malicious Prosecution and False Imprisonment.

(Decided December 16, 1915. 70 South. 734.)

1. **Malicious Prosecution; Complaint.**—A count for malicious prosecution in Code form alleging that the charge has been previously investigated, and the prosecution ended, was sufficient without the allegation of a judicial investigation.

2. **Same.**—The fact that the complaint, otherwise sufficient, included a claim for attorney's fees as damages, did not render it demurrable, although it was not alleged that such fee was reasonable in amount or necessary in fact as the claim for attorney's fees was no part of the cause of action, but intended only as a warning to defendant of an issue of damages

[Strain v. Irwin.]

to be met, the reasonableness or necessity of the fee being a question of evidence.

3. Same.—A count in Code form alleging that plaintiff claimed of defendant specified damages for maliciously and without probable cause causing plaintiff to be arrested under a warrant issued by a justice of the peace in and for M. county, was not rendered insufficient by the further allegation that plaintiff was arrested by a deputy sheriff of L. county, since the arrest might have been authorized by proper endorsements on the warrant under the provisions of § 6278, Code 1907.

4. False Imprisonment.—Where a count for false imprisonment was in Code form, and alleged that defendant maliciously and without probable cause caused plaintiff to be illegally arrested on a specific charge, it was not essential to a statement of a cause of action that the count should further allege an imprisonment, since an illegal arrest is both technical and in fact a false imprisonment.

5. Same.—The prescribed allegation in the Code form for false imprisonment is directory merely as to the duration of imprisonment, since it relates merely to the extent of the injury, and a momentary detention, if wrongful, gives a complete cause of action.

6. Same.—Although not following the Code form, a count for false imprisonment stated a good cause of action where it alleged that plaintiff claimed of defendant, specified damages for causing plaintiff to be illegally arrested on a charge of removing property upon which a mortgage existed; that such arrest was illegal and against plaintiff's will, and was accompanied by force and arms; and that plaintiff was arrested on such charge on a given date, and was detained in custody on such charge and illegal arrest for to-wit ............ ......... hours.

7. Same.—Counts for false imprisonment alleging that plaintiff's arrest was illegal were not demurrable, even though this allegation was a conclusion of the pleader; as no charge of illegality is necessary to show the prima facie cause of action.

8. Same.—Counts for false imprisonment need not allege the place nor the manner in which, or the agent by whom, the arrest was made, nor that defendant who caused it was present when it was made.

9. Malicious Prosecution; Elements; Legality.—The gravamen of an action of malicious prosecution is a prosecution with malice and without probable cause; if a valid prosecution proximately causes plaintiff's arrest, and plaintiff is not convicted, the action lies whether the arrest itself is rightful. or wrongful; hence, a plea alleging facts to show that the officer making the arrest acted on information conveyed to him by an affidavit and warrant, and by authority of law, was no answer to a count for malicious prosecution.

10. Same.—A defendant was entitled to a verdict in an action for malicious prosecution under his plea of not guilty, if the affidavit made by him did not cause plaintiff's prosecution and arrest on a valid and proper warrant.

11. Same.—The fact that there was no unnecessary abuse of plaintiff in arresting him was material only in estimating the damages, and went merely to the general issue.

12. False Imprisonment; Justification.—Where plaintiff pleaded an illegal arrest, he thereby anticipated the defense of justification, and unnecessarily

[Strain v. Irwin.]

assumed the negative burden of proof; hence, a plea setting up justification under legal process or legally authorizd action, was unnecessary.

13. Same.—A plea as an answer to an action for false imprisonment, so far as it denied responsibility for the action of a justice of the peace and sheriff who arrested plaintiff, was a mere traverse of the complaint, and available under the general issue.

14. Same.—The fact that the plaintiff made no objection to his arrest but voluntarily accompanied the officer, and gave bail for his appearance, and that defendant was not present and took no part in the arrest, were available, if at all, under the general issue.

15. Malicious Prosecution; Defense.—The fact that plaintiff made no objection to his arrest, but voluntarily accompanied the officer and gave bond for his appearance, and that defendant was not present and took no part in the arrest, constitutes no defense to an action for malicious prosecution.

16. Appeal and Error; Harmless Error; Pleading.—It is not prejudicial error to eliminate by demurrer pleas which set up facts available under the general issue.

17. Same; Presumption; Supporting Judgment.—Where it is not made to appear to the contrary by bill of exception, it will be presumed on appeal that defendant had the benefit of all defensive matter available under the general issue; demurrers having been sustained to his plea setting up such matter.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by June Irwin against Tom Strain for damages for malicious prosecution and false imprisonment. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

On the submission, appellee entered a motion to dismiss the appeal on the ground that the bond in this case purports to be a supersedeas bond, and states that the judgment appears from the bond to have been rendered on May 14, whereas the record shows the judgment was rendered March 6, and also that the bond cannot be regarded as the bond for costs in this case. The motion being denied, the cause was submitted on its merits.

The complaint is as follows: Count 1. Plaintiff claims of defendant * * * damages for maliciously, and without probable cause therefor, causing plaintiff to be arrested under a warrant issued by Eugene Ferris, a justice of the peace in and for Morgan county, Alabama, on May 25, 1912, on the charge of removing property upon which a mortgage existed, which charge, before the commencement of this action, has been investigated, and said prosecution ended, and plaintiff discharged. Plaintiff avers that he incurred a liability of $25 as attorney's fee for

services of attorney in representing him in said prosecution, and in procuring his discharge, and said sum is hereby claimed as special damages, and plaintiff avers that he was arrested by Masterton, a deputy sheriff of Lawrence county, and because of said arrest and detention, plaintiff being in the custody of said sheriff for some time, plaintiff was caused mental anguish and shame, compensation for which is claimed as special damages.

Count 2. Plaintiff claims of defendant  *  *  *  damages for maliciously and without probable cause therefor causing plaintiff to be illegally arrested on the charge of removing property upon which a mortgage existed, for —— days, viz., May 25, 1912.

Count 3. Plaintiff claims of defendant  *  *  *  damages for causing plaintiff to be illegally arrested on a charge of removing property upon which a mortgage existed. Plaintiff avers that said arrest was illegal, and against the will of plaintiff, and accompanied by force and arms, and that plaintiff was arrested on said charge on May 25, 1912, and was detained in custody under said charge and illegal arrest for, to wit, —— hours.

The other facts sufficiently appear.

WERT & LYNNE, and C. L. PRICE, for appellant. OSCEOLA KYLE, for appellee.

SOMERVILLE, J.— (1-3) The first count of the complaint is in code form for malicious prosecution. Its allegation that the charge had been previously investigated and the prosecution ended by plaintiff's discharge was sufficient, without alleging a judicial investigation.—*Watson v. Cain*, 171 Ala. 151, 54 South. 610. In such a count the claim for attorney's fees as damages, being no part of the cause of action, and being intended only as a warning to the defendant.of an issue to be met, does not render the count demurrable, although it is not alleged that such a fee was either reasonable in amount or necessary in fact. These are questions of evidence merely. Nor do. the allegations that the warrant was issued by a justice of the peace of Morgan county, and that it was executed by a deputy sheriff of Lawrence county, show no cause of action on the face of the count. The arrest may have been authorized by proper indorsement on the warrant, as provided by section 6278 of the Code. If not, that

[Strain v. Irwin.]

fact was matter for defensive pleading and proof. The demurrers to this count are clearly without merit.

(4, 5) The second count is in code form for false imprisonment. It charges that defendant, maliciously·and without probable cause, caused "plaintiff to be illegally arrested on a charge of removing property upon which a mortgage existed, for —— days, viz., on the 25th day of May, 1912." An illegal arrest is both technically and in fact a false imprisonment, and the additional allegation of an *imprisonment* is not essential to the statement of a cause of action under Code, form 19, p. 1198. Nor is the prescribed allegation of the duration of the imprisonment other than directory, since it relates merely to the extent of the injury; and a *momentary* detention, if wrongful, gives a complete cause of action.—19 Cyc. 325.

(6) The third count, though not following the code form, states a good cause of action for false imprisonment.—*Sheppard v. Furniss,* 19 Ala. 760, 764; *Ragsdale v. Bowles,* 16 Ala. 62.

(7) Each count charges an *illegal arrest.* Conceding that this would ordinarily be objectionable in a common-law count, as being a mere conclusion of the pleader, yet, the charge of illegality being unnecessary to show a prima facie cause of action, its *form* cannot render the count demurrable.

(8) It is not necessary to allege the place where, the manner in which, or the agent by whom, the arrest was made, nor that the defendant who caused it was present when it was made.

The second and third counts were sufficient as against the grounds of demurrer assigned.

Besides the general issue, defendant interposed two special pleas "for answer to plaintiff's complaint and each count thereof."

Plea 2 sets forth (1) the affidavit made by defendant before the justice, charging plaintiff was fraudulently selling or removing certain personal property of the value of $200 with knowledge of affiant's claim thereto under a written instrument; (2) the warrant of arrest issued therein, directed to any lawful officer of Morgan county, "on a charge of removing property upon which a mortgage existed;" and (3) the appearance bond taken from plaintiff by the arresting officer. It also alleges that the arrest was made by the officer acting on the information conveyed to him by the affidavit and warrant and by authority of

[Strain v. Irwin.]

law; and, further, that defendant did nothing towards having the warrant issued and plaintiff arrested other than the making of said affidavit, and that no more force was used than was necessary to effect plaintiff's arrest.

(9-11) It is obvious that this plea is no answer to the first count for malicious prosecution. The gravamen of that action is a *prosecution* with malice and without probable cause, and if a *valid* prosecution proximately causes the arrest of the accused, whether the *arrest* itself is rightful or wrongful, and the accused is not convicted, the action lies against him who was responsible for the prosecution. Moreover, all the allegations of this plea go merely to the general issue. If defendant's affidavit did not cause plaintiff's prosecution and arrest on a valid and proper warrant, he was entitled to a verdict under his plea of not guilty, and, if there was no unnecessary abuse of plaintiff in arresting him, this would be material only in the estimation of damages.

(12, 13) As an answer to the second and third counts, in so far as this plea sets up justification under legal process or legally authorized action, it was unnecessary, in view of the allegation in each of those counts of an illegal arrest; plaintiff thereby anticipating the defense of justification, and assuming (unnecessarily, of course) the negative burden of proof, even on the general issue. And, in so far as it denies responsibility for the action of the justice and the sheriff it was of course a mere traverse of the complaint.

(14, 15) Plea 3 sets forth the same affidavit and warrant as shown by plea 1; and alleges that plaintiff was arrested under said warrant and made no objection at the time to being arrested, but voluntarily accompanied the officer and gave bail for his appearance, and, further, that defendant was not present at the time the warrant was issued, did not see it, and took no part in the arrest of plaintiff. This is no answer to the first count, and as to the second and third counts the matter alleged was available, if at all, under the general issue.

Plea 4 was interposed to the second and third counts only. It is substantially the same as plea 3, with the additional allegation that plaintiff was arrested under and by virtue of section 6269 of the Code of Alabama.

In view of the allegations of an *illegal* arrest in each count of the complaint, justification by special plea was not necessary;

and the legality of plaintiff's arrest, as well as the other matters set up in this plea, were all available to defendant under the general issue.

(16, 17) It results that, whatever view might be taken as to the merit of the defensive matter set up in the several special pleas in answer to counts 2 and 3, the elimination of these pleas on demurrer was not prejudicial to defendant, since it could have been shown just as well under the general issue. And, the contrary not appearing by a bill of exceptions, it must be presumed that defendant had the benefit of all defensive matter thus available.—*Montgomery County v. Pruett,* 175 Ala. 391, 57 South. 823.

We find no reversible error in the rulings on the pleadings, and, no other questions being presented by the record, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.