(80 South. 76)

LONG v. MYERS.    (6 Div. 816.)

(Supreme Court of Alabama.    June 27, 1918. On Rehearing, Nov. 14, 1918.)

1. SET-OFF AND COUNTERCLAIM ⊗═34 (1) — CROSS-ACTION—NATURE.

Defendant, sued on common counts for goods sold, certain credits being conceded, can set up his claim against plaintiff for value of property bailed not redelivered, conversion not being charged, in a cross-action, in view of Code 1907, § 5858 et seq., concerning set-off and recoupment.

2. APPEAL AND ERROR ⊗═1040(8)—PLEADING —HARMLESS ERROR.

The sustaining of a demurrer to a special replication expressly contradicting the vital averments of a plea, so that the matters therein contained were admissible under traverse of the plea, could not be prejudicial to plaintiff.

3. APPEAL AND ERROR ⊗═1058(1)—HARMLESS ERROR—BOOKS OF ACCOUNT — SECONDARY EVIDENCE.

Where plaintiff had no knowledge that the account was correct, other than from his books, a full debit and credit statement from which was admitted in evidence, he was not prejudiced by exclusion of his testimony with respect to amount due him.

4. EVIDENCE ⊗═213(1)—ADMISSIBILITY—SETTLEMENT.

In trial of action and cross-action upon account, question propounded to plaintiff to elicit his statement that he tried to get defendant to settle the account by note held properly excluded as immaterial.

5. EVIDENCE ⊗═471(6) — ADMISSIBILITY — CONCLUSION OF WITNESS.

In trial of action and cross-action upon account, objection to question asked plaintiff, "At that time did he (defendant) agree to come and fix the matter up?" for purpose of showing attempt to settle the account by note, was properly sustained as calling for conclusion of witness.

6. APPEAL AND ERROR ⊗═1058(2)—HARMLESS ERROR—SUSTAINING OBJECTION TO QUESTION ALREADY ACCEPTED.

The sustaining of an objection to a question was not error, where the matter sought by the question had been earlier answered by the witness and was also later answered.

7. EVIDENCE ⊗═548 — EXPERT TESTIMONY— DISEASES OF ANIMALS—TIME OF TREATMENT.

A qualified veterinarian's testimony that he treated a mule for rheumatism shortly after defendant got the mule from plaintiff, and that in his opinion the mule had been afflicted something like two years when he treated it, was not subject to objection as not being at or near the time defendant got the mule from plaintiff.

8. TRIAL ⊗═253(5)—ACTION FOR PRICE—INSTRUCTIONS INVADING PROVINCE OF JURY.

In an action on account for mules sold, plaintiff's two requested instructions held prop-

erly excluded as invading the province of the jury by taking no account of defendant's contention that there was no sale.

9. TRIAL ☞248—INSTRUCTIONS — ABSTRACT INSTRUCTION—REFUSAL.

It is not error to refuse an abstract instruction.

On Rehearing.

10. APPEAL AND ERROR ☞662(1)—REVIEW—RECORD.

An alleged error in sustaining defendant's objection to a question is unavailing, where the record shows the objection was overruled, since a review can proceed on the record alone.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Suit by T. L. Long against A. L. Myers. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The following assignments of error are referred to in the opinion:

(8) The court erred in sustaining defendant's objection to the following question propounded to A. L. Myers: "You don't pretend to tell the jury that the mules you got from T. L. Long were not worth more than the mules you left there?"

(9) Sustaining defendant's objection to the following question to A. L. Myers: "What did you with it, Mr. Myers?"

(10) Sustaining defendant's objection to the following question propounded to A. L. Myers: "Isn't it a fact, Mr. Myers, that you sold one of them for over $300?"

(44) The court erred in sustaining defendant's objection to the following question propounded to T. L. Long: "At that time did he agree to come and fix this matter up?"

(45) Sustaining defendant's objection to the following question propounded to T. L. Long: "When was the first time that Mr. Myers made any complaint about the mules in any way?"

(52) The court erred in refusing to give the following written charge: "The court charges the jury that, unless you are reasonably satisfied from the evidence in this case that Dave Miskelley was the duly authorized agent of T. L. Long to reject or accept the mules returned by A. L. Myers, if you find from the evidence that Myers did return the mules to Miskelley, then you must find that there was no return of the mules to T. L. Long, the plaintiff, and that, if A. L. Myers did not make a return of the mules to T. L. Long or his duly authorized agent, then you must find for plaintiff."

(53) The court erred in refusing to give the following charge: "The court charges the jury that you must find for plaintiff if you are reasonably satisfied from the evidence that A. L. Myers did return the mules he got from plaintiff's agent, H. S. Long, to Dave Miskelley, as Myers said he did, and you are further reasonably satisfied from the evidence that Miskelley was not the authorized agent of T. L. Long to trade, accept, or reject the mules which Myers returned to Miskelley."

W. F. Finch, of Jasper, for appellant.
Ray & Cooner, of Jasper, for appellee.

McCLELLAN, J. [1] The appellant sued the appellee for $675.35, declaring through the common counts. Credits amounting to $410 were conceded and were indorsed on the complaint. In addition to traverse of the complaint, the defendant interposed plea 4. This was a plea of set-off, claiming $450 as the value of two mules which the defendant had left in the custody of the plaintiff, but who, notwithstanding demand, did not return the mules according to the contract of bailment. The plaintiff's undertaking, as set forth in the plea, was to keep the mules for defendant until he either called for the mules or sold them to the plaintiff. It is averred in the plea that, when he called for the mules, a duly authorized agent of the plaintiff advised him that "one or both" of the mules had been sold, thus preventing the return of the mules to the defendant within the terms of the bailment. The plea avers that the defendant has never received the mules nor any money for the mules. The plea does not undertake to charge plaintiff with the conversion of the mules, but does claim the value of the mules. On the pleas theory, the defendant was entitled to recover the value of his property; and this he might do in a cross-action. Code, § 5858 et seq. The defendant's right to recover the value of the subject of the bailment—which the plaintiff had parted with in breach of his averred duty as bailee—did not at all depend upon the time of the demand by the defendant. The demurrer was properly overruled.

[2] The plaintiff joined issue on the pleas, and then sought to interpose a special replication, numbered 2, to plea 4, to this effect: That the complaint seeks to recover of the defendant the purchase price of two mules sold by plaintiff to defendant; that at the time defendant left in plaintiff's custody a pair of mules which defendant instructed plaintiff to sell and apply the proceeds to the indebtedness created by the sale of plaintiff's mules to defendant; that about two weeks thereafter plaintiff sold the mules left with him by the defendant for $393 and credited that sum on defendant's said debt to plaintiff. The court sustained demurrer to this special replication. The pith of the matters averred in the special replication expressly contradicted the vital averments of plea 4, and hence was matter admissible under the traverse of the plea, and, if established, would have prevented any advantage to defendant under plea 4. So, in any event, no prejudice resulted to plaintiff by reason of the action of the court in sustaining the demurrer.

[3] The respective theories of the parties were these: By the plaintiff: That the defendant bought two large mules from the plaintiff's agent, with the agreement that he might try them until noon of the succeeding day, and that plaintiff should take defendant's two smaller mules and sell them for the account of the defendant, as indicated in

the averments of the mentioned replication; but the minimum credit should be $375. And by the defendant: That he took plaintiff's mules subject to trial for a certain time, and that, if the mules were not satisfactory, defendant could return them, there being no agreement as to the price to be paid for plaintiff's mules if they proved satisfactory; and that the defendant's mules were left with the plaintiff as indicated in the averments of special plea 4; and that defendant seasonably brought the Long mules back, but was advised by plaintiff's representative that one of defendant's mules had then been sold. The jury decided the controverted issues in favor of the defendant. The trial court took the view, and quite correctly, that, if the jury accepted the plaintiff's theory, the value and condition of the Long mules were immaterial; but that if the defendant's theory was accepted by the jury, which included the negation of a consummated sale of either team of mules, the condition and value of both teams of mules were matters material to the thus contingent issue, and so admitted testimony bearing thereon. Since the plaintiff did not know otherwise than from the books kept in plaintiff's business, a full debit and credit statement from which was admitted in evidence that the account was correct, it is manifest that the court did not err to his prejudice in refusing to permit the plaintiff to testify with respect to the amount defendant owed him. The plaintiff testified without objection that the defendant did not deny the correctness of the account when it was presented to him.

[4, 5] The question, propounded to plaintiff, whereby it was sought to elicit his statement that he tried to get the account settled by note, was properly disallowed; on the ground of its immateriality, as well as that it sought the conclusion of the witness.

[6, 7] Assignments 8, 9, and 10 are without merit. The matter sought by the question, copied in the eighth assignment, propounded to the defendant on the cross, had been answered earlier in his examination; and just after the ruling on this question the defendant stated that the plaintiff's mules were not worth more than his mules, giving their respective values in dollars. The other two assignments (9 and 10) are based on the declination of the court to allow the plaintiff to show, by the defendant, what he subsequently did with, what he got for, the Long mules. These rulings were patently correct. In one event defendant was liable for the full agreed price of the Long mules, less credits; and, in the other, he was only liable for their market value, subject to the set-off claimed in plea 4. What he subsequently got for the Long mules, whether it was large or small, was aside the issues.

The testimony of the witness Blackwood, a qualified veterinarian (5 Ency. of Ev. pp. 544, 545, 557), was not subject to the objection that his opinion upon and treatment of one of the Long mules was not at or near the time those mules were turned over to defendant. Blackwood testified that he treated the mule for rheumatism shortly after defendant got the mule from the plaintiff. The witness gave it as his opinion that the mule had been affected "something like two years" when he treated it. Since the witnesses Ashby and Wilson were not shown to be experts or otherwise qualified to give an opinion on the diseases of domestic animals, the court did not err in declining to allow the expression of their opinions with respect to the disease causing the lameness in one of the Long mules. Market value of a thing cannot be shown by what a witness "would sell for," as was the point of the question put to the witness Odum; the court correctly disallowing it.

There are other subjects of assignments, the want of merit in which are indicated by what has been said with respect to other rulings on the admission of evidence. According to the recitals of the bill of exceptions, the court overruled the defendant's objection to the questions copied in the forty-fourth and forty-fifth assignments of error, propounded to the plaintiff on his examination in rebuttal. The plaintiff's connection with the original dealings with reference to the two teams of mules was only through agents, who, under phases of the evidence, were authorized to act for and bind the plaintiff in the premises. It was not material whether plaintiff, himself, did not know for several years after the dealing that defendant was dissatisfied. What the sellers guaranteed plaintiff when he bought the mules he afterwards turned over to defendant was without relation to any issue on the trial. Likewise, there was no error in declining to allow plaintiff to testify what he would have done had he known the mule or mules were unsound.

[8, 9] The court committed no error in refusing the special requests for instructions copied in the fifty-second to fifty-fifth assignments of error. Those referred to in assignments 52 (charge A) and 53 would have invaded the jury's province by casting the result in favor of the plaintiff upon hypotheses that took no account whatever of the defendant's contention that there was, in fact, no sale and purchase of the Long mules, but, to the contrary, an option to try the mules for a certain time. The request referred to in assignment 55 was abstract. It is not error to refuse an abstract charge. The plaintiff's contention was that the mules were sold to defendant, to be tried and returned by a certain time, if unsatisfactory. So, on the plaintiff's theory, there could be no recourse to rules of law that obtain where parties make no stipulation for the time in

which an act shall be done. There is no reason to reverse the judgment. It is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

### On Rehearing.

McCLELLAN, J. [10] The application for rehearing presents only two grounds for its insistence on error. One is that the court erroneously sustained the defendant's objection to a question (copied in the forty-fourth assignment) propounded to Mr. Long; whereas, the record, on which alone the review here can proceed, recites that the stated objection was overruled. This fact was noted in the original opinion. The other subject of complaint is the trial court's refusal of charge A, requested by plaintiff, appellant. Reconsideration of this request for instruction confirms the conclusion set down in the original opinion, treating assignment numbered 52. Furthermore, the court gave the plaintiff's charge marked "B," in which all that was sound in charge A found clear expression.

The application is denied.