(93 South. 724)

## SOKOL BROS. FURNITURE CO. v. GATE.
### (6 Div. 637.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied June 30, 1922.)

**1. False imprisonment ⊙⟿20(1)—Complaint sufficient without showing length of imprisonment.**

A count for false imprisonment, charging that defendants caused plaintiff to be illegally imprisoned on a specified date and confined in jail, states a cause of action, although the duration of the imprisonment is not alleged.

**2. Appeal and error ⊙⟿1078(1)—Assigned errors not briefed not considered.**

Errors assigned, but not insisted on in brief, will not be considered on appeal.

**3. False imprisonment ⊙⟿4—"Malice" not essential element.**

Malice is not an essential element of false imprisonment, but if a case is made out and malice exists, that may affect the measure of damages; and malice need not consist of ill will toward the person imprisoned, but malice in law may be any improper and illegal motive for causing imprisonment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malice.]

**4. Trial ⊙⟿252(6)—Refusal of instruction on sections of Municipal Code not applicable to facts not error.**

In an action for false imprisonment, the refusal of defendants' instructions as to City Code of Birmingham, §§ 690, 1440, which had no application to the facts in the case, was not error.

**5. Trial ⊙⟿252(6)—Refusal of instruction on code and municipal ordinances tending to mislead and not applicable to facts not error.**

In an action for false imprisonment, where defendants' instructions quoted Code 1907, §§ 7342, 7343, 6935, 6937, and Cr. Code Birmingham, §§ 691, 818, 819, 824, and made no attempt to apply the sections to the facts, and were calculated to confuse and mislead, there was no error in refusing them.

**6. False imprisonment ⊙⟿40—Charge held to pretermit recovery against any one of defendants, unless all caused arrest.**

In an action against three defendants for false imprisonment, a charge that the burden is on plaintiff to show arrest, and that defendants caused it, and that the arrest was unlawful, before the jury can find for plaintiff, is erroneous in that it pretermits a recovery against any one of the defendants unless plaintiff's arrest was caused by all the defendants, and is properly refused.

**7. False imprisonment ⊙⟿40—Charges held misleading and incorrect.**

In an action against partners for causing plaintiff to be legally imprisoned, charges that to constitute an arrest, there must be some real or pretended authority for taking a person into custody, that a forcible seizure without pretension of taking one into legal custody does not amount to an arrest, and that an ar-

rest must be for some real or pretended offense against the law, were properly refused as misleading and confusing and not stating the law correctly as applicable.

**8. False imprisonment ⬤═⇒2—Unlawful detention false imprisonment.**

One can be arrested in manner to constitute false imprisonment without the person arresting him having any real or pretended authority for taking him into custody. If there is an unlawful detention of a person by another, it constitutes a false imprisonment, but when the false imprisonment is based on imprisonment in jail by an officer after an arrest, then for it to be false imprisonment there must have been an illegal arrest.

**9. Trial ⬤═⇒252(6)—Refusal of instruction not based on evidence not error.**

In an action for false imprisonment, an instruction that, if the jury believe that defendants had probable cause to believe plaintiff had committed a felony, etc., which instruction failed to state if the jury believed "from the evidence" and to hypothesize that a felony had actually been committed, and which was abstract and not based on evidence, was properly refused.

**10. Trial ⬤═⇒191(5)—Charge not defective in assuming, without hypothesis that plaintiff in false imprisonment action, was arrested.**

Where, in an action for false imprisonment, the fact of plaintiff's arrest by a police officer was not disputed, defendants charge that, before plaintiff could recover for false imprisonment, the jury must be satisfied from evidence that the arrest was illegal, was not defective in assuming without hypothesis that plaintiff was arrested.

**11. False imprisonment ⬤═⇒40—Charge held proper.**

An instruction that before the jury could find against defendants for false imprisonment they must be reasonably satisfied from the evidence that the arrest was illegal *held* proper.

**12. Appeal and error ⬤═⇒1067—Refusal of instruction that, to find for plaintiff, jury must be reasonably satisfied that arrest was illegal, not covered by instructions given, reversible error.**

In an action for false imprisonment, the refusal of an instruction that, before you can find against defendants for false imprisonment, you must be reasonably satisfied from the evidence that the arrest of plaintiff was illegal, when not covered by instructions given, was reversible error, in view of Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815.

Gardner and Somerville, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Cora Gate against Sokol Bros. Furniture Company for damages for illegal imprisonment. From a judgment for plaintiff defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Count 5 of the complaint is as follows:

"Plaintiff claims of defendants $2,000 as damages for causing plaintiff to be illegally imprisoned heretofore, to wit, on the 1st day of February 1917, and as a proximate consequence of said illegal imprisonment plaintiff was taken through the streets of the city of Birmingham; was confined in jail; was greatly humiliated, vexed, harassed, and annoyed; her reputation was impaired; she suffered great mental and physical pain, annoyance, and inconvenience; was prevented for a long time from working and earning money; was put to great trouble, inconvenience, and expense in or about procuring her release and discharge from said arrest, and was made sore and sick, all to her damages, which she claims, and she also claims punitive damages."

Beddow & Oberdorfer, of Birmingham, for appellant.

Count 5 was subject to demurrer, in failing to allege by what means plaintiff was imprisoned, or how long, or where. 19 Cyc. 358; 86 Cal. 633, 25 Pac. 129; 195 Ill. 62, 62 N. E. 875; 29 Ind. App. 451, 63 N. E. 328; (Ky.) 56 S. W. 502; 29 Misc. Rep. 749, 60 N. Y. Supp. 282. The court erred in refusing to charge the jury, at defendant's request as follows: "Before you can find against the defendants for false imprisonment, you must be reasonably satisfied from the evidence that the arrest of the plaintiff was illegal."

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Duration of imprisonment is not necessary to be alleged. 195 Ala. 414, 70 South. 734. The charge requested for defendants, seeking to instruct the jury that plaintiff could not recover unless the jury were reasonably satisfied that the arrest was illegal, was defective, in confusing false imprisonment with arrest, and was also covered by the court's oral charge. Acts 1915, p. 815; 201 Ala. 496, 78 South. 850; 80 South. 404; 200 Ala. 308, 76 South. 74; 202 Ala. 352, 80 South. 434; 17 Ala. App. 125, 82 South. 573; 76 Fla. 592, 80 South. 516, 2 A. L. R. 1503.

MILLER, J.   Cora Gate sues Harry Sokol and Nathan Sokol, partners under the firm name of Sokol Bros. Furniture Company, for damages for causing her to be illegally imprisoned. Originally the complaint contained many counts both for false imprisonment and for malicious prosecution. The case was finally submitted to the jury on the fifth count, which was based on illegal imprisonment. The jury returned a verdict in favor of plaintiff, judgment was rendered thereon by the court, and the defendants appeal.

[1] Demurrers were overruled to count 5. It does not aver how long plaintiff was illegally imprisoned. It does not give the duration of the imprisonment. This is not necessary. It avers she was illegally imprisoned,

⬤═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and caused to be by defendant, and was confined in jail. The duration of the illegal imprisonment relates to the extent of the injury. If she was illegally imprisoned for one moment, this would give a cause of action. This count charges defendants caused her to be illegally imprisoned on February 1, 1917, and as a proximate consequence of said illegal imprisonment "she was taken through the streets, * * * confined in jail," etc. It states a cause of action; and the demurrers to it were properly overruled by the court. Strain v. Irwin, 195 Ala. 414. headnotes 4, 5, 6, 7 and 8, 70 South. 734.

[2] Errors assigned, but not insisted on in brief, will not be considered by this court; and when appellant states that a charge given "was not merely argumentative, but erroneous," that is not sufficient insistence in argument to make it the duty of this court to review it. Hodge v. Rambo, 155 Ala. 175, 45 South. 678: Carter v. O'Bryan Bros., 105 Ala. 305, 16 South. 894.

[3] The parties agree this charge was not correctly copied in the original transcript. They agree in writing that, as it was given by the court at the request of plaintiff, it read as follows:

"Malice is not necessary to make out a case of false imprisonment, but if a case is made out and malice exists, that may affect the measure of damages. Malice need not consist of ill will toward the person imprisoned, but malice in law may be any improper and illegal motive for causing the imprisonment."

Malice is not a material, not an essential, element of false imprisonment, "except in aggravation of damages." Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Murphy v. McAdory, 183 Ala. 209, 62 South 706. Malice does not necessarily consist of ill will toward the person imprisoned. Lunsford v. Dietrich, 93 Ala. 565, 9 South. 308. 30 Am. St. Rep. 79.

"Whatever is done willfully and purposely, whether the motive be to injure the accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, if it be at the same time wrong and unlawful within the knowledge of the actor, is in legal contemplation maliciously done." Lunsford v. Dietrich, 93 Ala. 565, headnote 3, 9 South. 308, 30 Am. St. Rep. 79.

This charge contains a correct statement of the law, and the court properly gave it to the jury. Parisian Co. v. Williams, 203 Ala. 379, 83 South. 122; Gulsby v. L. & N. R. Co., 167 Ala. 122, 52 South. 392.

[4] The court refused charges requested by defendant as to sections 690 and 1440 of the City Code of Birmingham. These ordinances have no application to the facts of this case. The charges were abstract, and their refusal was not error. Long v. Myers, 202 Ala. 238, headnote 9, 80 South. 76.

[5] Sections 7342, 7343, 6935, and 6937 of the Criminal Code of 1907, and sections 824, 691, 818, and 819 of the Criminal Code of Birmingham, were in separate written charges quoted and requested by the defendant to be given the jury. As requested, these charges made no attempt to apply those sections to the facts of the case, and were therefore calculated to confuse and mislead the jury. In the form requested they were abstract. They were not made applicable to the facts of the case. The court did not err in refusing them. Long v. Myers, 202 Ala. 238, headnote 9, 80 South. 76.

[6] The defendant requested this charge which was refused by the court:

"The court charges the jury that the burden of proof is on the plaintiff to show to the reasonable satisfaction of the jury by the evidence that the plaintiff was arrested, and that the defendants caused said arrest, and that said arrest was unlawful, before they can find in favor of the plaintiff."

There are three defendants, the two partners and the partnership; the charge pretermits a recovery for plaintiff against any one of the defendants unless the plaintiff was arrested and her arrest was caused by all of the defendants and her arrest was unlawful. The jury might have been satisfied from the evidence that one of the defendants, and not all of them, caused her arrest, that it was unlawful, and that she was unlawfully imprisoned, and a verdict could have been found against such defendant. Hence this charge was obviously erroneous. The jury might have been satisfied from the evidence that plaintiff was entitled to recover against one, but not all, of the defendants, and thus return a verdict against one and not all.

[7, 8] These written charges were separately requested by the defendants, and each was refused by the court:

"The court charges the jury that to constitute an arrest there must be some real or pretended authority for taking a person into custody, and that a forcible seizure of one's person without any pretense of taking him into legal custody does not amount to an arrest."

"The court charges the jury that an arrest must be for some real or pretended offense against the law, and that the forcible seizure or detaining of one's person without any real or pretended charge of some real or pretended offense against the law made against the person so seized or detained, does not constitute an arrest."

This suit in count 5, the only one submitted to the jury, is based on a charge of "false imprisonment" caused by the defendants. In Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32, this court wrote:

"False imprisonment is the unlawful restraint of a person contrary to his will. But two things are requisite, viz.: detention of the person and unlawfulness of such detention."

These charges are not only misleading and confusing, but they do not state the law cor-

rectly as applicable to this case. A person can be arrested or imprisoned in a manner to constitute a cause for false imprisonment without the person arresting or imprisoning him having any real or pretended authority for taking the person into custody. If there is a detention of the person by another, and that detention is unlawful, this will constitute a false imprisonment of the person. Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. But when the false imprisonment is based on false imprisonment in jail by an officer after arrest, then for it to be false imprisonment under the evidence, there must have been an illegal arrest. "An arrest is an imprisonment." Cent. of Ga. R. Co. v. Carlock, 196 Ala. 659, 72 South. 261; Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Strain v. Irwin, 195 Ala. 415, headnote 4, 70 South. 734. These charges do not define or attempt to define a legal arrest. One of the questions in this case is, Was the plaintiff legally arrested, and thereby legally imprisoned, or was she illegally, falsely arrested, and thereby falsely imprisoned? And if she was illegally arrested and thereby falsely imprisoned, was it caused by the defendants or either of them? These are the material inquiries in this case.

[9] This charge, requested by defendant, was refused by the court:

"The court charges the jury that if they believe that the defendants had probable cause to believe plaintiff committed a felony, and made complaint to a police officer, and that the police officer arrested the plaintiff for such felony, then the plaintiff would not be entitled to recover for the false imprisonment."

It fails to state if the jury believe "from the evidence," etc. The charge fails to hypothesize that a felony had actually been committed. We find no evidence indicating that defendants had probable cause to believe plaintiff had committed a felony, and no evidence that a police officer arrested plaintiff for such felony. This charge is abstract, not based on evidence or the tendency of evidence in the case, and was properly refused. Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Long v. Myers, 202 Ala. 238, h. n. 9, 80 South. 76.

[10] This charge requested by defendants was refused by the court:

"Before you can find against the defendants for false imprisonment you must be reasonably satisfied from the evidence that the arrest of the plaintiff was illegal."

If the arrest is illegal, then the imprisonment is illegal, false imprisonment. If the arrest is legal, then the imprisonment thereby is not false, not illegal. The plaintiff's own testimony shows her arrest by the police officer. Her arrest was clearly shown without dispute. It was not made any part of

the contention of the parties; count 5 mentions the arrest. Hence this charge under the evidence was not defective in assuming, without hypothesis, that she was arrested. Carter v. Chambers, 79 Ala. 227; Ala. Power Co. v. Hines, 207 Ala. 346, 92 South. 611.

[11] The complaint, count 5, claims damages for illegal imprisonment, and avers "as a proximate consequence of said illegal imprisonment, plaintiff was taken through the streets of the city of Birmingham; was confined in jail," etc. It also avers she was put to great expense in procuring her release "from said arrest." The undisputed evidence discloses that she was carried through the streets of the city of Birmingham by a police officer, and was confined in the city jail by a police officer of the city. This charge under this evidence states a correct principle of law applicable to this case. Her confinement in jail by the officer and the carrying of her through the streets by the officer would not be false imprisonment under the evidence and allegations of the count, unless her arrest by the officer was illegal. This charge has been approved in practically these words by this court in Sanders v. Davis, 153 Ala. 375, h. n. 14, 44 South. 979; Strain v. Irwin, 195 Ala. 414, headnote 4, 70 South. 734.

[12] The same statement of the law or the same rule of law was not substantially and fairly given to the jury in the court's general charge or in charges given at the request of the parties. Section 5364, Code 1907, as amended Gen. Acts 1915, p. 815. Hence the refusal of this charge by the court was reversible error. Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855.

The errors assigned and discussed on the evidence admitted and rejected will hardly arise on another trial in the form now presented, if at all; hence no necessity exists for us to pass on them.

For the error mentioned the case is reversed and remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, and THOMAS, JJ., concur.

SOMERVILLE and GARDNER, JJ., dissent.

GARDNER, J. (dissenting). Count 5, upon which this cause was tried, was specifically rested upon averment of false imprisonment and not unlawful arrest.

Of course an unlawful arrest also embraces an unlawful imprisonment, or in actions of this character arrest is recognized by this court as properly defined as follows:

"An arrest consists in taking, under real or assumed authority, custody of another person for the purpose of holding or detaining him to answer a criminal charge or civil demand." Cent. of Ga. R. Co. v. Carlock, 196 Ala. 659, 72 South. 261.

It is recognized by all the authorities that there may be a false or unlawful imprisonment in the absence of an arrest, as above defined. Such arrest therefore is not essential to a cause of action for false imprisonment. 25 C. J. 452, and authorities cited in note; Birmingham Ledger v. Buchanan, 10 Ala. App. 527, 65 South. 667; Robinson & Co. v. Greene, 148 Ala. 434, 43 South. 797. The authorities also disclose an action for false imprisonment may be maintained under certain facts and circumstances, even though the original arrest was lawful, such as unreasonable delay and unlawful detention after arrest. 25 C. J. 491 et seq.; Hayes v. Mitchell, 69 Ala. 453.

This cause is reversed solely upon the refusal of the following charge:

"Before you can find against the defendants for false imprisonment, you must be reasonably satisfied from the evidence that the arrest of the plaintiff was illegal."

In my opinion the foregoing authorities demonstrate that the statement of law therein contained is abstractly erroneous. In the present case the officer having the plaintiff in charge carried her to defendants' store, where she was for some time detained and examined, and then afterwards to the jail. Upon this point the plaintiff testified:

"I did not know where Sokol Bros. store was until they arrested me and carried me down there and kept me an hour or so. * * * He carried me inside the store and kept me in there over an hour, I reckon. The Mr. Sokol that is in court was not in at the time, but there was another one in there, and he asked me if my name wasn't Maggie Gates, and I told him no. He tried to make me say my name was Maggie Gates, he and Mr. Wagoner both. I had been there about an hour before the other Mr. Sokol came in. He had gone to dinner."

Even, therefore, had the original arrest of plaintiff been lawful, still the jury could find this detention unlawful, and constituting false imprisonment.

Indeed, the defendant insists there was no arrest, but the officer was merely asked to assist in regard to the collection of the debt, and no process issued. But the complaint in this case did not rest upon unlawful arrest, but expressly upon false imprisonment, and in any aspect of the case the charge in question was highly misleading and properly refused.

The case of Sanders v. Davis, 153 Ala. 375, 44 South. 979, relied upon by the majority, is readily distinguishable. The complaint in that case expressly averred the arrest of plaintiff. The opinion was careful to state "the verdict and instructions will be referred to the complaint as it was, and not to what it may have been supposed to be." Charge 16, given for defendant in that case, is referable to this particular situation, and as the arrest was then averred an essential part of the complaint, the charge given must be referred thereto. The ruling was sustaining the judgment of the trial court in giving the charge, and therefore no occasion there arose for a consideration of any misleading tendency thereof. Here the situation is reversed. The complaint does not rest upon unlawful arrest, but upon false imprisonment, and the judgment of the trial court is reversed solely upon the refusal of this charge. The charge was highly misleading, and in my opinion the trial court properly refused it.

I am persuaded the judgment should be affirmed, and therefore respectfully dissent.

SOMERVILLE, J., concurs in the foregoing views.